This is an accelerated appeal taken from a final judgment of the Mentor Municipal Court. Appellant, Robert J. Volin, appeals from his conviction for aggravated menacing following a trial by jury.
On April 15, 1997, an officer from the Mentor Police Department swore out a complaint against appellant for aggravated menacing in violation of R.C. 2903.21. The complaint alleged that appellant knowingly caused Matthew A. Capuano to believe that appellant would cause him serious physical harm. At his initial appearance, appellant pled not guilty to the charge.
The matter proceeded to a jury trial on September 11, 1997, at which time the jurors unanimously returned a guilty verdict. The trial court sentenced appellant to thirty days in jail and a $250 fine. The trial court then suspended the jail time.
From this judgment, appellant filed a notice of appeal with this court. Upon his motion for an extension of time, appellant was given until April 23, 1998 to file his brief. Appellant failed to file a brief by the deadline. As a result, we sua sponte dismissed the appeal for failure to prosecute on May 11, 1998.
Appellant responded by filing a motion to reinstate the appeal. The state filed a brief in opposition thereto. This court granted appellant's motion and vacated the May 11, 1998 judgment entry, thereby reinstating the appeal on our docket. The parties subsequently filed their respective briefs.
In his brief, appellant now asserts the following assignments of error:
 "[1.] The trial court erred in denying appellant's challenge for cause to a juror who was then a defendant in a civil action filed against him by appellant's attorney[.]
 "[2.] The trial court erred in excluding evidence of a pending personal injury action brought by appellant and by appellant's spouse[.]
 "[3.] The trial court erred in excluding evidence of the Eggers eviction[.]
 "[4.] The trial court erred in excluding evidence of the restitution of premises in the Eggers eviction[.]
 "[5.] The trial court erred in excluding from evidence written witness statements and the official police report[.]
 "[6.] The trial court erred in excluding evidence of a pending eviction proceeding filed against appellant and appellant's spouse[.]
 "[7.] The trial court erred in refusing to allow cross[-] examination concerning Ohio Supreme Court decisions[.]
 "[8.] The trial court erred in instructing the jury[.]
 "[9.] The trial court erred in allowing the prosecutor to threaten jurors with a bat during closing (rebuttal) argument[.]"
In his various assignments, appellant proposes that the trial court erred with respect to voir dire, evidentiary decisions, the scope of cross-examination, jury instructions, and closing arguments. All of these assigned errors relate to decisions made by the trial court during the course of the trial.
Upon the appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court of review. App.R. 10(A); Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Where a transcript of a proceeding is necessary for the disposition of any issue presented on appeal, the appellant bears the burden of taking the necessary steps to have the transcript prepared for inclusion into the record. App.R. 9(B); Rose Chevrolet, 36 Ohio St. 3
d at 19; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Any lack of diligence on the part of the appellant to secure the transcript or other portion of the record "should inure to appellant's disadvantage rather than to the disadvantage of appellee." Rose Chevrolet,36 Ohio St.3d at 19.
An appellate court reviewing a lower court's judgment indulges in a presumption of regularity regarding the proceedings below. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. When parts of the record necessary to the appeal are omitted, there is nothing for the reviewing court to pass upon. In such a situation, the appellate court must presume the validity of the proceedings below and affirm the trial court's judgment.State Johnson (July 24, 1992) Lake App. No. 91-L-107, unreported, at 5, 1992 Ohio App. LEXIS 3824.
In the case sub judice, appellant failed to file a transcript of the jury trial conducted on September 11, 1997. In the absence of a trial transcript, there is nothing for this court to pass upon. We simply have no way of assessing the merits of appellant's nine assigned errors without the benefit of a verbatim transcript of the proceedings below.
Accordingly, appellant's assignments of error are not well-taken. The judgment of the trial court is affirmed.
 ------------------------- JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. JUDITH A. CHRISTLEY, J., HON. WILLIAM M. O'NEILL, J., JUDGES.