OPINION
Plaintiff-appellant, RDR Developers, appeals a Mahoning County Common Pleas Court judgment dismissing its claim against defendants-appellees, the City of Youngstown and its mayor, law director, and finance director.
Appellant is a developer of residential property. In the early 1990's, appellant undertook a development project known as Ashford Stone Commons, located in Youngstown. During the construction phase of the development, discussions took place between appellant and certain city officials relating to the necessary approvals, permits, and tap-ins for the development.
In its brief, appellant contends that city officials indicated to it that "certain time restraints imposed upon the City would cause substantial delays in completion" of the development "which likewise would generate costly delays to [appellant] and jeopardize this economic development within city limits." (Appellant's Brief, p. 1). Appellant characterizes the city officials' statements as a "bureaucratic threat" to completion of the development. Appellant then maintains that certain city officials, including the finance director and city engineer, acting under apparent authority, authorized appellant to retain its own engineer and assured appellant that the city would reimburse it by including the costs in the special assessment on the property. Appellant then retained its own engineer incurring expenses totaling $13,875.00.
Appellant made repeated and failed attempts to obtain reimbursement from the city. On May 29, 1996, appellant filed a complaint for breach of contract and money damages naming as party defendants the City of Youngstown and its mayor, law director, and finance director. On May 3, 1996, appellees filed a joint answer.
On September 17, 1996, the Mahoning County Common Pleas Court ordered the matter into arbitration. On August 18, 1997, the report and award of the arbitrator was filed with the court finding in favor of appellants in the amount of $12,875.00. Appellees appealed the arbitrator's decision on September 11, 1997. The parties agreed that the merits of the case be submitted to the court upon trial briefs.
On March 2, 1998, the court filed a decision reversing the arbitrator's decision and finding in favor of appellees and dismissing appellant's claim. The court concluded that contracts such as those set forth and alleged in appellant's complaint must be authorized by the city's Board of Control, not by a single member of the board. This appeal followed.
Appellant presents two related assignments of error and argues them together. Appellant alleges in its first assignment of error that:
 "THE CITY OF YOUNGSTOWN THROUGH THE APPARENT AUTHORITY OF ITS FINANCE DIRECTOR AND BOARD OF CONTROL MEMBER DID AUTHORIZE PLAINTIFFS TO SECURE SERVICES OF A CERTIFIED ENGINEER TO SPEED UP THE PERMIT PROCESS SO AS TO AVOID JEOPARDIZING THE CONTINUATION OF THIS ECONOMIC DEVELOPMENT PROJECT WITHIN THE CITY LIMITS."
Where one of the parties is a municipal corporation, contract formation or execution may only be done in a manner provided for and authorized by law. Village of Moscow v. Moscow VillageCouncil (1984), 29 Ohio Misc.2d 15, 18. Furthermore, contracts, agreements, and/or obligations of a municipality must be made and entered into in the manner provided for by statute or ordinance and cannot be entered into otherwise. Wellston v. Morgan (1901),65 Ohio St. 219.
In Lathrop v. City of Toledo (1966), 5 Ohio St.2d 165, the Ohio Supreme Court set forth the following explanation for this rule of law:
 "We think there is no hardship in requiring [private contractors], and all other parties who undertake to deal with a municipal body in respect of public improvements, to investigate the subject, and ascertain at their peril whether the preliminary steps leading up to contract, and prescribed by statute, have been taken. No high degree of vigilance is required of persons thus situated to learn the facts. They are dealing with public agencies whose powers are defined by law, and whose acts are public transactions, and they should be charged with knowledge of both. If the preliminary steps necessary to legalize a contract, have not been taken, they can withdraw from the transaction altogether, or delay until the steps are taken. The citizen and taxpayer, in most instances, unless directly affected by the improvement, has but a remote, contingent, and inappreciable pecuniary interest in the matter, and should not be required to personally interest himself about its details. * * *
"* * *
 "An occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances the loss should be ascribed to its true cause, — the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit. * * *" quoting McCloud Geigle v. City of Columbus (1896), 54 Ohio St. 439, 452 and 453
The formal requirements for contracting with the City of Youngstown are set forth in the city's charter. Section 110 provides:
 "For the purpose of executing contracts and agreements on behalf of the City, there is hereby created a Board of Control, consisting of the Mayor, the Director of Law and Director of Finance, of which the Mayor shall be Chairman and the Director of Finance the Secretary. It shall be the duty of the Board of Control to keep a Journal of all its proceedings as well as a copy of all contracts authorized by it."
Section 111 provides in relevant part:
 "When any expenditure in any department other than the compensation of persons employed therein, exceeds monetary limits prescribed by the Ohio Revised Code, it shall first be authorized and directed by ordinance of the Council. When so authorized and directed, the Board of Control shall make a written
contract with the lowest and best bidder who is responsible after advertisement once a week for at least two weeks in a newspaper of general circulation within the City. * * *" (Emphasis added.)
Each of these provisions is consistent with the Ohio Revised Code sections relating to contract formation with municipal corporations. At the time when appellant sought reimbursement of the expenses, R.C. 735.05 provided that expenditures exceeding $10,000 were subject to the formal requirements.[1]
Two basic requirements emanate from the aforementioned provisions. First, expenditures exceeding $10,000 require approval by city council through passage of an ordinance. Second, the Board of Control, acting through an affirmative vote of the majority, must make a written contract with the lowest and best bidder.
Appellant refers to Youngstown City Ordinance ORD-95-454. The ordinance authorized the Board of Control to contract for engineering services relating to the improvement of the development project area. This satisfies the first requirement.
However, there is no support in the record concerning the second requirement. The most obvious omission is a written contract between appellant and the city. "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." Hartt v. Munobe (1993),67 Ohio St.3d 3, 7. Appellant, as the party asserting error in the trial court, bears the burden to demonstrate error by reference to matters in the record before the court of appeals. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B).
Accordingly, appellant's first assignment of error is without merit.
Appellant alleges in its second assignment of error that:
 "CITY OF YOUNGSTOWN TO BE UNJUSTLY ENRICHED BY THE PLAINTIFF'S UNREIMBURSED EXPENDITURES WHICH WERE MADE IN RELIANCE UPON THE MISLEADING REPRESENTATIIONS OF ITS OWN BOARD OF ADMINISTRATION."
For reasons similar to those outlined under appellant's first assignment of error, its theory of recovery based on unjust enrichment must also fail. If a city cannot be held to a contract which does not comply with the formal statutory requirements, it follows that a city will not be held liable upon quasi or implied contracts or for claims based upon theories of quantum meruit or unjust enrichment. Cooney v. City of Independence (Nov. 23, 1994), Cuyahoga App. No. 66509, unreported; Cuyahoga Falls v.Ashcroft (Dec. 26, 1992), Summit App. No. 15129, unreported;State, ex rel. Almburg v. Craigo (Dec. 14, 1990), Trumbull App. No. 89-T-4338, unreported. See also Wellston v. Morgan (1901),65 Ohio St. 219, paragraph three of the syllabus.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs; see concurring opinion.
Vukovich, J., concurs.
APPROVED:
 __________________________________ Gene Donofrio, Judge
[1] Effective March 30, 1999, the threshold amount is $15,000.