OPINION
Defendant-appellant, Brian Parker, Sr., appeals from a judgment of the Columbiana County Common Pleas Court classifying him as a sexual predator.
On August 26, 1998, appellant entered a guilty plea to two counts of rape in violation of R.C. 2907.02(A)(1)(b). On November 13, 1998, the trial court sentenced him to two ten-year terms of imprisonment to be served concurrently. Contemporaneous with the sentencing hearing, the trial court also heard arguments and the parties presented evidence concerning whether appellant should be classified as a sexual predator. Defendant-appellee, the State of Ohio, acting through the Columbiana County Prosecutor's Office argued that appellant should be classified as a sexual predator, pointing to the facts of the case and asking the court to consider the presentence investigation report. Appellant presented the testimony of his mother and brother.
Relying in part on the presentence investigation report and a victim impact statement presented by the victim's mother, the trial court determined that appellant is a sexual predator. This appeal followed.
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THAT APPELLANT IS A SEXUAL PREDATOR WHICH FINDING CONTRAVENES THE MANDATES OF O.R.C. SECTION 2950.09(B)(2) AND THE BURDEN OF PROOF OF CLEAR AND CONVINCING EVIDENCE."
If a trial court has before it an offender who has pled guilty to or been convicted of a sexually oriented offense, it must conduct a hearing to determine if the offender is a sexual predator. R.C. 2950(B)(1). A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The trial court must conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct the hearing as part of the sentencing hearing. Id. At the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. Id.
When making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following enumerated under R.C. 2950.09(B)(2)
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
A trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(B)(3). The offender and the prosecutor may appeal as a matter of right the trial court's determination regarding sexual predator classification.
The trial court in this case conducted the sexual predator hearing as part of the sentencing hearing pursuant to R.C.2950.09(B)(1). The trial court classified appellant as a sexual predator based upon clear and convincing evidence. Appellant argues that the trial court could not have made such a determination because appellee "introduced no evidence at all" in support of its assertion that appellant is a sexual predator. (Brief of Appellant, p. 4). Appellant's argument is premised on his further argument that the Ohio Rules of Evidence do not permit the trial court to rely on the presentence report and victim impact statements because they are hearsay.
Previously in State v. Ritchey (Mar. 23, 1999), Columbiana App. No. 97-CO-44, unreported, this court addressed the proper scope of evidence admissible at a sexual predator hearing. For guidance, we turned to the Ohio Supreme Court's decision in Statev. Cook (1998), 83 Ohio St.3d 404. The court held:
 "Evid.R. 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, such as miscellaneous criminal proceedings. Among those listed as specifically excepted from the Rules of Evidence are proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to bail or otherwise. Evid.R. 101(C). A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold the Ohio Rules of Evidence do not strictly apply to sexual predator hearings." Id. at 425
The court went on to hold that a presentence investigation report is reliable hearsay and, therefore, may be relied upon by the trial court in classifying an offender as a sexual predator. Id.
Based on the foregoing, we find that the trial court did not err in relying on the presentence investigation report and the victim impact statement. Appellant has failed to otherwise demonstrate how the trial court erred in classifying him as a sexual predator. "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7. Appellant, as the party asserting error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B). Therefore, appellant's sole assignment of error is without merit.
Vukovich, J., concurs, Waite, J., concurs.
APPROVED:
 ___________________________________ Gene Donofrio Judge