OPINIONS OF THE SUPREME COURT OF OHIO
    The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
    Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
    NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Hartt, Appellant, v. Munobe et al., Appellees.
[Cite as Hartt v. Munobe  (1993),    Ohio St.3d    .]
Civil procedure -- Civ.R. 53 authorizes referees to preside
    over jury trials with consent of the parties.
Civ.R. 53 authorizes referees to preside over jury trials with
        the consent of the parties.
    (No. 91-2025 -- Submitted March 9, 1993 -- Decided July
28, 1993.)
    Appeal from the Court of Appeals for Franklin County, No.
90AP-572.
    In April 1987, plaintiff-appellant George N. Hartt sued
defendants-appellees Esse Munobe and Harry Karp, seeking money
damages and injunctive relief.  The complaint also named as
defendants Investors Equities Corporation and Gaylord
Resources, S.A., of which Munobe and Karp were, respectively,
presidents.  Hartt's claims arose from defendants' alleged
failure to obtain financing for Hartt's purchase of a business
and failure to return a $35,000 loan made to defendants.
    Prior to trial, Hartt moved for default judgment on
account of defendants' failure to file an answer to his second
amended complaint, failure to comply with a court discovery
order, and failure to provide timely discovery responses.  The
trial court granted default judgment as to liability, which
defendants then moved to vacate.  The court referred this
motion to Referee Michael Angel, who recommended that the
default judgment be set aside.  The court followed Referee
Angel's recommendation.
    The matter was ultimately scheduled for trial before Judge
David L. Johnson on December 18, 1989, and jury selection
appears to have taken place that day.  Judge Johnson was ill on
the following day, however, and Referee Angel was called in to
preside over the trial beginning December 19.  The jury
returned verdicts for the plaintiff, and the court entered
judgment thereon.  Defendants moved for a new trial, alleging
that the referee lacked authority to preside over their trial.
The court denied this motion, finding that the Ohio and local
rules of procedure permitted referees to preside over jury
trials, and that "all parties consented" to the referee's

presence.

Defendants appealed, but filed a transcript of only part of the proceedings that took place on December 19, 1989. Based on this record, the court of appeals reversed, holding that the record lacked evidence of unequivocal consent to the referee.

This cause is now before this court pursuant to the allowance of plaintiff's motion to certify the record.

Isaac, Brant, Ledman & Becker, J. Stephen Teetor and Timothy E. Miller, for appellant.

James W. Rickman, for appellees.

Moyer, C.J. This case presents several issues, of which the central is whether a referee may preside over a jury trial. If the answer is yes, we must decide whether, in this case, all parties consented to the presence of the referee in conformity to Civ.R. 53(A).

                                    I

The relevant portions of Civ.R. 53 as in effect at the time of trial1 state:

"(A) Appointment. The court may appoint one or more referees, who shall be attorneys at law admitted to practice in this state, to hear an issue or issues in any case in which the parties are not entitled to a trial by jury or in any case in which the parties consent in writing or in the record in open court, to submit an issue or issues to a court-appointed referee.

"***

"(C) Powers. The order of reference to a referee may specify or limit his powers and may direct him to report only upon particular issues or do or perform particular acts ***. Subject to the specifications and limitations stated in the order, the referee has and shall exercise the power to regulate all proceedings in every hearing before him as if by the court and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. He may summon and compel the attendance of witnesses and may require the production before him of evidence ***. He may rule upon the admissibility of evidence ***[,] put witnesses on oath and may himself examine them and may call the parties to the action and examine them upon oath."

Although Civ.R. 53 does not explicitly authorize a referee to preside over a "trial," it authorizes a referee to hear "an issue or issues." There is no limitation as to how many issues he or she may hear; it logically follows that he or she may hear all of them. Furthermore, Civ.R. 53(C) expressly authorizes referees, when hearing an issue, to perform all of the essential duties and functions of a judge. A referee who presides over the determination of every issue in a case, and who in doing so exercises the ministerial functions that Civ.R. 53 expressly authorizes, in effect presides over a trial. Furthermore, Civ.R. 53(E)(1) states in part, "In an action on the merits of an issue to be tried without a jury, the referee shall file with the report a transcript of the proceedings and of the evidence only if the court so directs." (Emphasis added.) This language implies that in some cases issues will be tried before a referee with a jury. Having referees preside

over jury trials is, in fact, a well-established practice in the courts of Ohio. See, e.g., Kilgore v. Schindler (July 24, 1989), Richland App. No. CA-2665, unreported; Bolyard v. Kessler (Sept. 25, 1990), Franklin App. No. 89AP-1458, unreported; Osterloh v. B.F. Goodrich Co. (Oct. 17, 1991), Franklin App. No. 91AP-382, unreported, 1991 WL 224188.

The court of appeals in this case wrote, "[a] referee who presides over a jury trial effectively acts as a substitute for judicial functions which are not within the scope of Civ.R. 53." We disagree. Civ.R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors. Civ.R. 53(E)(5); Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161, paragraph two of the syllabus. Civ.R. 53(E)(5) allows a party to object to a referee's report, but the filing of a particular objection is not a prerequisite to a trial or appellate court's finding of error in the report. Id., paragraph one of the syllabus. The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the referee's report violates the letter and spirit of Civ.R. 53, and we caution against the practice of adopting referee's reports as a matter of course, especially where a referee has presided over an entire trial.

The report of a referee presiding over an issue or issues without a jury may contain findings of fact, conclusions of law and a recommended resolution of the issues. Civ.R. 53(E)(3) and (5). The parties may then enter objections to the report, upon which the court will rule before entering its own judgment. Civ.R. 53(E)(2). When a jury serves as the trier of fact, however, its findings will not be subject to attack as are a referee's findings. Nevertheless, a party may still object to the referee's report or proposed entry on the basis of errors such as evidentiary rulings or jury instructions. If the court finds that such error occurred, it may reject or modify the report, return the report to the referee with instructions or hear the matter itself. Civ.R. 53(E)(2). Thus, even where a jury is the factfinder, the trial court remains as the ultimate determiner of alleged error by a referee. Accordingly, we hold that Civ.R. 53 authorizes referees to preside over jury trials with the consent of the parties.

In the instant case, defendants filed the functional equivalent of objections, a "Rejection of Proposed Entry" after the jury returned unfavorable verdicts, alleging that "said Entry in noway [sic] reflects the facts, evidence, ruling [sic] on objectins [sic] by a Judge and proper instructions to the Jury on the law and facts in the case by a Judge." Judge Johnson found defendants' objections to be meritless and entered judgment "in conformance with the verdict forms, interrogatories and expressed intentions of the jury," thereby fulfilling his role under Civ.R. 53.

## II

Having decided that referees may preside over jury trials with the consent of the parties, we must determine whether the record in this case reflects such consent. We hold that it does. Where the parties are entitled to a jury trial, consent must be in writing or "in the record in open court." Civ.R. 53(A). To forestall any later contention that a party did not consent or did not know that the person on the bench was a referee and not a judge, a referee should identify himself or herself as such and require explicit, on-record statements of consent. Regrettably, it appears that the referee was not so explicit in this case. What does appear in the record, however, is the referee's statement "Judge Johnson is ill. Apparently the parties agree to have this matter presided over by myself [sic] and the jury." No party objected or commented at this point. A short time later, defendant Munobe himself said, "We will go forward but we will appeal." The record indicates that Munobe intended to appeal the referee's denial of motions to dismiss and for a continuance, not the referee's presiding over the trial. Accordingly, we hold that the record in this case shows that defendants consented to the referral.

The court of appeals stated that the referee may have misled the parties into the belief that he was a judge by certain statements he made at trial. Referee Angel was involved in the pretrial proceedings at least twice, however, sitting for a hearing on a motion for default judgment and preparing a report on defendants' motion to vacate the default judgment. This document, entitled "REFEREE'S REPORT," was mailed to defense counsel. We find it difficult to believe that defendants did not know that Referee Angel was not a judge. We therefore hold that the record in this case indicates knowing consent to the oversight of the trial by a referee.

## III

The court of appeals reversed the judgment of the trial court on the basis that the referee had failed to obtain consent for his oversight of the trial. The evidence supporting the court's conclusion was an eleven-page excerpt from the proceedings on the second day of trial. This excerpt is the only part of the trial of which defendants filed a transcript in the court of appeals.

An appellate court reviewing a lower court's judgment indulges a presumption of regularity of the proceedings below. See Rheinstrom v. Steiner (1904), 69 Ohio St. 452, 69 N.E. 745. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; App.R. 9(B). When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. App.R. 9(B); Ostrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363. An appellant may not attempt to shift the burden onto the appellee by filing only portions of the trial record and claiming an insufficiency of evidence on some issue. Id.

Defendants, in their appeal below, asserted that they had never consented to having the referee preside over the trial. This is equivalent to a claim that the record lacked evidence of defendants' consent. Defendants could demonstrate this error only by filing transcripts of all portions of the proceedings during which they may have consented to the referee. See Ostrander, supra. A court may appoint a referee to hear issues in any case in which the parties consent in writing "or in the record in open court." Civ.R. 53(A). The rule contains no limitation on when the court must obtain such consent. Nor did former Loc.R. 59.02 of the Franklin County Court of Common Pleas (now amended and numbered Rule 99.02) specify a time within which the court was required to obtain consent. The most obvious and prudent time, of course, would be at the outset of trial. On the second day of trial, Referee Angel did in fact state his understanding that the parties had consented to his presence, to which he received neither positive nor negative reply. This statement appears in the portion of the proceedings that defendants filed. This transcript, however, eleven pages long, was only a partial transcript of a single day of the trial. We have held, supra, that the record reflects that consent was obtained. Even if it did not, however, reference to only a portion of the proceedings could not prove the absence of consent, because defendants theoretically could have consented at any time during the trial. The court of appeals erred by not granting plaintiff's application under App.R. 9(B) for an order requiring defendants to provide a complete transcript.

IV

The court of appeals also held that Civ.R. 63(A) applied to this referral because Judge Johnson made the referral on account of sickness. Civ.R. 63(A) provides:

"If for any reason the judge before whom a jury trial has commenced is unable to proceed with the trial, another judge, designated by the administrative judge, *** may proceed with and finish the trial upon certifying in the record that he has familiarized himself with the record of the trial ***."

Referees are not subject to every rule controlling judges. See In re Disqualification of Light (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. (R.C. 2701.03, permitting parties to apply for disqualification of judges, does not apply to referees.)

On its face, Civ.R. 63(A) does not apply where a judge refers a case to a referee. In addition, the procedural safeguards of Civ.R. 53 address the concerns that underlie Civ.R. 63. The certification requirement of Civ.R. 63(A) guarantees that a successor judge has sufficient familiarity with the case to fulfill his or her duties competently. A replacement judge's familiarity with the case is important because the judge's rulings finally determine the rights of the parties, subject only to appeal. A referee's findings and rulings, however, are advisory only and subject to the independent review and approval of the court. Civ.R. 53(E)(5). We do not suggest that a referee has no duty to become familiar with a referred case. Civ.R. 53(E)(2) and (6), allowing objections to a referee's report, safeguard against referees who fail to become conversant with the factual context

of a case.

Where a referee presides over a jury trial and is not the finder of fact, the court must still review the referee's report or proposed entry and the parties' objections thereto. This independent review allows the court to discover any errors on the face of the report, and also allows a party to indicate any errors that occurred during trial. See discussion in Part I, supra. These provisions adequately safeguard the integrity of proceedings wherein a referee replaces a judge during trial. We hold, therefore, that the requirements of Civ.R. 63 do not apply when a case is referred to a referee. In the case at bar, moreover, Referee Angel's previous involvement assured his familiarity with the record and issues involved.

Finally, the court of appeals held that it was error for the referee to deny the defendant corporations a continuance when they appeared for trial with counsel who was unfamiliar with the case, but not prejudicial in view of the referee's lack of power to preside over the trial. The decision whether to grant a continuance is within the sound discretion of the trial court. C.P.Sup.R. 7; State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E.2d 763, paragraph one of the syllabus. A party has a right to a reasonable opportunity to be present at trial and a right to a continuance for that purpose. A party does not, however, have a right unreasonably to delay a trial. Id. A continuance based on a party's absence must be based on unavoidable, not voluntary, absence. Id. Based on the above authority, we hold that a judge's denial of a continuance because of counsel's unpreparedness is not an abuse of discretion if the unpreparedness was avoidable. Nothing in the record before us demonstrates that counsel's unpreparedness could not have been avoided. To the contrary, the record demonstrates a distinct lack of diligence on the part of defendants throughout the litigation. Repeatedly, plaintiff had to seek court orders to compel discovery from defendants. The court even granted a default judgment, which it later vacated, in part because of defendants' failure to obey a discovery order. Trial, originally scheduled for June 14, 1989, was continued until October 23 and again until December 18. It appears that defendants Munobe and Karp mistakenly believed they could, and intended to, represent their respective corporations themselves. The attorney who accompanied defendants to the second day of trial was unfamiliar with the case and stated he could represent the corporations only if given a continuance. Defendants' mistake, however, should not accrue to their benefit. Plaintiff had waited more than two and one-half years for trial since the filing of his original complaint. We cannot say, under the circumstances of this case, that as a matter of law the referee was required to grant a continuance.

For the foregoing reasons, the judgment of the court of appeals is reversed.

                              Judgment reversed.


A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE:

1 Civ.R. 53 was amended effective July 1, 1992, but no

substantive changes were intended.  Staff Note to July 1, 1992 amendment.