DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Mark Figetakis has appealed from a judgment of the Small Claims Division of the Akron Municipal Court in favor of defendant Geoffrey Goll. Plaintiff has argued that the trial court incorrectly rescheduled trial in this matter when defendant failed to appear for the originally scheduled trial. According to plaintiff, the trial court should have entered a default judgment against defendant. This Court affirms the judgment of the trial court because it did not abuse its discretion by continuing the trial.
 I.
Plaintiff initiated this matter in the Small Claims Division of the Akron Municipal Court by filing a form statement of claim on November 11, 1996. His claim consisted of an allegation that defendant owed him $1,500 "for damages done to property at the location of 3166 Yellow Creek, Akron, Ohio." The summons that was issued to defendant indicated that a hearing on plaintiff's claim would be held in the Akron Municipal Court on December 9, 1996. According to plaintiff, he appeared at the appointed time, but defendant failed to appear. The record contains no indication that a hearing occurred on December 9, 1996, although plaintiff claims he presented evidence to a magistrate at that time.
The file conveyed to this Court by the Clerk of the Akron Municipal Court contains a number of documents that were not file stamped and were not listed on the docket: (1) a motion for leave to plead or otherwise answer, signed by defendant, and including a certification that it was served on plaintiff on December 10, 1996; (2) a hand-written note, dated December 11, 1996, that the magistrate assigned to this matter had approved a request by defendant "that the case be reset"; and (3) an unsigned notice to plaintiff and defendant, dated December 16, 1996, that this matter was rescheduled for hearing on January 8, 1997. On January 28, 1997, the magistrate filed a "Decision With Findings of Fact and Conclusion of Law" in which she recited that both parties were present at a hearing before her on January 8, 1997. She reviewed the evidence that had been presented, found that plaintiff had failed to carry his burden of proof, and concluded that judgment should be entered in favor of defendant.
On February 5, 1997, plaintiff filed a document with the trial court captioned "Objection and Motion for Default Judgment for Failure to Appear." By that document, he argued that he had appeared before the magistrate on December 9, 1996, and presented his case, that defendant had not appeared at that time, and that default judgment should have been entered in his favor. The trial court overruled his objection on February 24, 1997, and he timely appealed to this Court.
 II.
Plaintiff's sole assignment of error is that the trial court incorrectly rescheduled the trial in this matter rather than entering a default judgment in his favor. This Court cannot determine from the record before it whether plaintiff even appeared before a magistrate on December 9, 1996. It is clear that the hearing was originally set for December 9, 1996, but was actually held on January 8, 1997. Both parties were present on January 8, 1997, and plaintiff presented his evidence at that time. The determination of whether to grant a requested continuance is within the sound discretion of a trial court.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9. The trial court did not abuse its discretion by granting defendant a continuance in this case. Plaintiff's assignment of error is overruled.
 III.
Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P. J.
REECE, J., CONCUR