OPINION
Kimberly McLaughlin appeals from an order of the Juvenile Court that reduced the amount of a child support obligation that the court had previously imposed on Phillip C. Pyles.
McLaughlin and Pyles are the parents of a child, Savannah Pyles, who was born on May 31, 1984. McLaughlin filed an application for child support in January 1985. A hearing was held on McLaughlin's application. In a subsequent entry, the court ordered Pyles to pay twenty dollars per week for the child's maintenance.
Throughout the ensuing years, the parties reappeared before the court because of Pyles's failure to pay child support and to change the amount of the support. In September, 1997, McLaughlin ask that Pyles be found in contempt for failure to pay child support. Pyles filed a motion to reduce his child support obligation on December 16, 1997.
On January 16, 1998, a magistrate found that Pyles had an obligation to support Savannah and that he was in contempt for failing to do so. The magistrate ordered that child support should be withheld from Pyles's wages. The trial court adopted the magistrate's decision on that same date.
Pursuant to its review of the prior child support order on Pyles's motion, the Clark County Child Support Enforcement Agency ("CSEA") subsequently recommended a reduction of Pyles's monthly obligation from $433.66 to $281.06. The recommendation was presented to a magistrate of the Juvenile Court. On November 30, 1998, the magistrate entered a decision adopting the CSEA recommendation.
McLaughlin filed timely objections to the magistrate's decision. Among her several arguments was that the reduction was unwarranted because Pyles was voluntarily underemployed.
The objections were scheduled for a hearing before the court on December 17, 1998. On December 11, McLaughlin requested a continuance of the hearing until March 15, 1999, so that she could conduct discovery. Attached to her request for a continuance were requests for production of documents dated December 3, 1998. McLaughlin requested production of the documents by January 5, 1999. The trial court continued the hearing until December 31, 1998.
On December 21, McLaughlin requested a hearing by telephone. On December 31, McLaughlin failed to appear and did not contact the court. In a judgment entry that it filed on January 25, 1999, the court dismissed McLaughlin's objections and ordered the reduction that CSEA had recommended. In an order nunc pro tunc
entered on January 29, 1999, the court ordered Pyles to pay an additional $56.21 per month until an arrearage is extinguished and to provide health insurance coverage.
McLaughlin filed her notice of appeal from the Juvenile Court's orders on February 9, 1999. She presents four assignments of error, which advance two issues. We will address concurrently her first and second assignments of error, and then her third and fourth assignments of error because of their similarity.
 FIRST ASSIGNMENT OF ERROR THE MANNER IN WHICH THE TRIAL COURT ENTERED A FINAL JUDGMENT DENIED PLAINTIFF PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
SECOND ASSIGNMENT OF ERROR
 THE AMERICANS WITH DISABILITIES ACT REQUIRES THAT THE DISABLED BE PROVIDED ACCESS TO THE COURTS BY REASONABLE ACCOMMODATION IN THE FORM OF TELEPHONE HEARINGS.
McLaughlin argues that CSEA and the Juvenile Court violated her right to due process of law and her right to reasonable accommodation under the Americans with Disabilities Act ("ADA"). The grounds for those claims is that McLaughlin, who resides in Tennessee, is unable to travel to Ohio because of her multiple sclerosis condition. McLaughlin claims that she asked for a telephone conference with both CSEA and the Juvenile Court to accommodate her disability, but that neither did so.
The record reflects that the CSEA employee who considered whether Pyles's obligation should be reduced had placed a telephone call to McLaughlin at the number she provided. No one answered the phone. We thus cannot find that CSEA failed to provide the accommodation that McLaughlin requested.
McLaughlin also requested the Juvenile Court to conduct its hearing on her objections by telephone, for the same reason. The record does not reflect that the Juvenile Court did so, or that it made an effort to do so.
Section 12132 of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to the discrimination of any such entity." Section 12132, Title 42, U.S. Code. However, a public entity does not have to provide an accommodation that "would result in a fundamental alteration in the nature of a service, program, or activity . . . ." Section 35.150(a)(3), Title 28, CFR Clark County is a public entity as defined in Section 12131(1) of the ADA, and McLaughlin's multiple sclerosis condition would qualify her as an individual with a disability as defined in Section 12131(2) of the ADA.
McLaughlin relies on cases determining that state courts are public accommodations subject to the requirements of the ADA. Those cases involved physical access or interpreters to sign for the deaf. The accommodation that McLaughlin requests, a telephone conference to prosecute her objection that Pyles is underemployed, is not so easily resolved.
Here McLaughlin was acting as her own attorney. Conducting an entire hearing by telephone would make it difficult, if not impossible, to administer oaths, admit evidence, or permit cross-examination. Such a telephonic hearing would fundamentally alter the nature of the hearing before a trial court.
In these circumstances, we do not believe that the accommodation that McLaughlin requested is one that the ADA requires.
McLaughlin also argues that denial of her requests for telephone conferences deprived her of the reasonable opportunity to be heard that due process of law requires.
Even had CSEA denied McLaughlin's request, we could not find a due process violation. The procedures that R.C. 3111.216 proscribes are neither judicial nor quasi-judicial because they neither determine a right nor impose an obligation. At most, the procedures may result, as they did here, in a recommendation to the court. In that regard the procedures are the equivalent of a prosecutorial recommendation, and no more. Due process does not require the participation of a person whose rights or duties are only potentially affected thereby.
The Juvenile Court proceeding was, of course, a judicial proceeding to which due process rights apply. McLaughlin had notice and an opportunity to be heard with respect to the hearing on her objections. She failed to appear, either personally or by counsel. We understand her reasons. However, no due process violation is demonstrated thereby.
McLaughlin's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO COMPLY WITH THE PROCEDURAL REQUIREMENTS OF ADVANCE NOTICE AND THE MANDATORY PRODUCTION OF CERTAIN DOCUMENTS REQUIRED UNDER O.R.C. § 3113.21 BEFORE ENTRY OF A CHILD SUPPORT REVISION ORDER.
 FOURTH ASSIGNMENT OF ERROR THE PLAINTIFF WAS DENIED HER DUE PROCESS RIGHT TO UNDER-TAKE DISCOVERY UNDER THE OHIO RULES OF CIVIL PROCEDURE IN ORDER TO ESTABLISH AT AN EVIDENTIARY HEARING THAT DEFENDANT IS WILLFULLY UNDEREMPLOYED UNDER O.R.C. § 3113.215.
In her third and fourth assignments of error, McLaughlin argues that the Juvenile Court erred when it failed to provide her with the notice of hearing and failed to order Pyles to provide her the information relating to his income and assets, which R.C.3113.21(C)(1)(c)(ii) requires when a CSEA recommendation is contested.
R.C. 3113.21(C)(1)(c)(ii) requires a court to give the obligor, obligee, and agency at least thirty days' notice of the date, time, and location of the hearing on the CSEA recommendation. Pursuant to that subsection, a court shall also order the obligor to provide the court with information regarding his or her assets if the information was not previously provided to CSEA.
On October 8, 1998, the case was set for hearing on November 18. On November 16, McLaughlin requested a continuance because she was ill. On November 18, the case was set for hearing on December 17. Notice was sent to McLaughlin by registered mail the next day. On November 28, the magistrate ordered Pyles to pay child support in the amount of $281.06.
On December 11, McLaughlin requested a continuance until March 15, 1999, so that she might conduct discovery. The court granted a continuance, but only until December 31, 1998.
The court complied with the statutory requirement of thirty days prior notice when the hearing was originally set for December 17. McLaughlin cannot trigger another thirty days notice requirement through her own request for a continuance.
The decision of whether to grant a continuance is within the trial court's discretion. An appellate court cannot reverse the decision of the trial court unless there was an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65. "[A] judge's denial of a continuance because of counsel's unpreparedness is not an abuse of discretion if the preparedness was avoidable." Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9.
The CSEA requested a Mistake of Fact Hearing on McLaughlin's objection to its recalculation of child support on April 3, 1998. McLaughlin did not file any request for production of documents until December 3, 1998, two weeks before the scheduled hearing on the matter. We cannot find that the trial court abused its discretion in not granting another three month continuance because of McLaughlin's failure to conduct discovery during the previous eight months.
McLaughlin attempted to obtain Pyles's financial information in a request for production of documents dated December 3, 1998. However, she set a deadline for delivery of the documents to her of January 5, 1999, which is after the hearing on the merits occurred. Her failure to conduct timely discovery is not reversible error.
McLaughlin further argues that the trial court should have provided her with copies of Pyles's financial information. However, the record does not reflect that Pyles failed to provide the CSEA with the information, which would trigger the statutory requirement that the trial court order an obligor to provide it with the information. Moreover, R.C. 3113.21(C)(1)(c)(ii) does not require the court itself to provide the obligee with this information, even if it had so ordered the obligor. McLaughlin's argument is thus without merit.
McLaughlin's third and fourth assignments of error are overruled.
Having overruled all of McLaughlin's assignments of error, the judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Kimberly G. McLaughlin
John Juergens, Esq.
Robert M. Shipley, Esq.
Hon. Joseph N. Monnin