ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This case is peculiar to its facts and should not be read as an attempt by this Court to usurp the pergatorive of the trial court in its decision to grant or not to grant a continuance.
Appellant Jack M. Sanders appeals the decision of the trial court denying him a continuance of a trial on a motion by appellee Cuyahoga County Support Enforcement Agency (CSEA) seeking to hold him in contempt for failure to pay child support. Sanders assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND FURTHER IN ADOPTING THE DECISION AS ITS OWN ORDER WHEN THE OBJECTIONS CLEARLY DEMONSTRATED THAT THE MAGISTRATE ABUSED HER DISCRETION IN CONDUCTING A HEARING AFTER GIVING THE PLAINTIFF AND HIS COUNSEL REASON TO RELY THAT THE MATTER WOULD BE CONTINUED.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND FURTHER IN ADOPTING THE DECISION AS ITS OWN ORDER WHEN THE OBJECTIONS CLEARLY DEMONSTRATED THAT THE MAGISTRATE COMMITTED PLAIN ERROR IN DECIDING THE CASE WITHOUT TAKING EVIDENCE.
Appellee CSEA failed to respond to this appeal. After reviewing the record and arguments of appellant, we reverse this matter and remand to the trial court for further proceedings consistent with our opinion. The apposite facts follow.
The trial court scheduled the show cause hearing for August 3, 1999. On July 30, Sanders' attorney filed a motion with the trial court to continue the matter. Sanders' attorney's affidavit in support of his objections to the magistrate's findings stated he filed his motion for continuance with the court and the prosecutor's office. Thereafter, he received the following instructions from the magistrate:
 [N]otify Assistant Prosecuting Attorney Joni Errington of the filing and to obtain her consent to the request inasmuch as the matter had been assigned to Ms. Errington for handlings.
Sander's attorney obtained the consent of Ms. Errington and she was to notify the magistrate of the agreed-to continuance. Sander's attorney urges that because of this representation, he did not appear and so advised his client not appear.
According to the record, Ms. Errington also did not appear. However, Ms. Chaney from the prosecutor's office did appear. Ms. Chaney waived the appearance of the court reporter and the record is unclear as to why she showed for a hearing that had been continued by Ms. Errington.
The magistrate went forward with the hearing and issued the following findings:
 At hearing on 6-29-99, the matter was continued by magistrate's Order to this date for full evidentiary hearing signed by the Plaintiff; and that his counsel failed to appear with him.
 Plaintiff's counsel has filed his second [sic] motion for continuance. The motion has not been granted by the Court.
 The magistrate finds that the continuance was untimely, and that due to the length of time this matter has been pending and the issue(s) before the Court, said continuance should not be granted.
 The magistrate finds that Defendant/01 has appeared this date along with counsel for CSEA; that Plaintiff has failed to appear in person or through counsel; and that the matter should proceed based upon the evidence presented by the parties present.
Further, the magistrate found:
 The parties were granted a divorce by Judgment Entry recorded on March, 24, 1980 at Volume. 694 Page. 618 et seq. Custody of the minor child Beverly (DOB 8-31-73) was awarded to Defendant/01 and the Plaintiff was ordered to pay $25 per week as and for child support as well as all necessary medical and dental bills.
 On October 23, 1980 the Court determined on August 27, 1980 that Plaintiff owed $525 to the Cuyahoga County Department of Human Services (CCDHS) based on its original order.
 The Court last determined on October 20, 1983 an arrearage of $4,600 of which $1,075 due and owing to CCDCHS and the balance, or $3,525, due to payee/Defendant/01.
* * *
 Based on the evidence presented, and in the absence of evidence to the contrary, the Magistrate finds that the Plaintiff is in contempt of Court for failure to abide by this Court's prior order(s) relative to child support.
 The Magistrate further finds and concludes that the Plaintiff had the ability to comply with the prior order(s) of the Court and failed to do so.
 The Plaintiff has been in arrears (default) of the Court's order more than 26 weeks out of the last 104 weeks.
 Plaintiff's cumulative arrearage from October 21, 1983 to July 30, 1999, excluding medical and dental bills, is in the amount of $14,746.60 as of July 30, 1999 of which $12,804.88 is owed to Plaintiff [sic] and $1,941.72 is owed to the Cuyahoga County Department of Human Services (CCDHS). This sum includes all prior calculations of arrearage.
Additionally, the magistrate's decision sentenced Sanders to 30 days in jail or 200 Hours of community service for contempt. The order permitted Sanders to purge his contempt by paying $1,504.15 within 30 days. Further, the decision required Sanders to pay $300 per month plus 2% processing charge through CSEA until further order of the court or until the arrearage was paid in full. The decision also required Sanders to post a $500 bond with the Cuyahoga County Clerk of Court as additional security for his outstanding obligation.
Sanders filed objections to the magistrate's decision on September 21, 1999. Sanders based his objections to the magistrate's decision on the magistrate's failure to continue the hearing as requested. In his memorandum in support of his objections Sanders stated the following:
 When it became apparent to plaintiff's counsel that [his conflicting case] would not settle, counsel advised [the magistrate] of the necessity for and the reason [sic] another requested continuance. Counsel was instructed that a continuance was required and that the office of the prosecuting attorney would have to be notified and consent to such request.
 On July 30, 1999, the motion for continuance was filed, walked through to room 160 for processing and hand delivered to the Prosecutor's office. * * *
 On Monday, August 2, 1999, after 4:30 P.M. [counsel] returned to his office and heard a voice mail message from [the magistrate] wherein he was informed that the consent of the Assistant Prosecuting Attorney assigned to the case * * * was required.
 The following morning, from the Summit County Courthouse, [the assigned assistant prosecutor] was telephonically contacted. The situation was explained and [the assistant prosecutor] agreed to continue the matter and advise [the magistrate's] scheduler of such acquiescence.
Sanders alleged that based on the assigned assistant prosecutor's representation, neither he nor his counsel appeared for the hearing. Further, Sanders alleged an assistant prosecutor who was not assigned to the case actually appeared at the hearing. Sanders stated he did not know whether that assistant prosecutor informed the magistrate of the assigned prosecutor's consent to continue the case.
Additionally, Sanders argued the decision not to continue the case caused him severe prejudice. He argued the magistrate's failure to continue the case deprived him of the right to confront witnesses and to submit evidence concerning his financial condition, health condition or his ability to pay the indebtedness owed. In support of his objections, Sanders attached an affidavit from his counsel reiterating the allegations contained in his memorandum. The CSEA did not respond to Sanders' objections.
On February 8, 2000, the trial court overruled Sanders' objections and adopted the magistrate's decision with the following modifications:
 However, the Plaintiff's sentence will be purged provided that he pay $1,504.15 * * *through the CSEA within 45 days of the journalization of this order.
 1. Pay $300 per month, subject to further order of the Court for good cause shown . . . until the arrearage is paid in full;
 2. And that Plaintiff shall post bond with the Clerk of Court in the amount of $500 within 90 days * * *
Sanders filed his appeal of the trial court's order on March 3, 2000. Sanders filed his appellate brief on April 11, 2000. CSEA failed to file an appellee brief in this matter and did not appear for oral argument.
In his first assignment of error, Sanders argues the trial court erred in adopting the magistrate's decision where the magistrate held a hearing after giving Sanders reason to believe the hearing would be continued. Sanders argues he followed the magistrate's instructions and obtained the consent of the assistant prosecuting attorney. Sanders claims, therefore, the magistrate's refusal to grant his motion constituted an abuse of discretion.
Before specifically addressing Sanders argument, we set forth the standard of review. The decision to grant or deny a continuance rests in the sound discretion of the trial court. Hartt v. Munobe (1993),67 Ohio St.3d 3, 9, 615 N.E.2d 617, 622; State v. Unger (1981)67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Unger citing Ungar v. Sarafite (1964), 376 U.S. 575, 589. Factors to consider in determining whether the trial court abused its discretion in denying a party's request for continuance include whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. See Unger at 67-68, 423 N.E.2d at 1080.
In light of Unger, this Court concludes that this was a unique situation in which an attorney relied on the representations of both the magistrate and the prosecutor, and he had a right to so rely. Consequently, we conclude the matter should have been continued. We sustain Sanders' first assigned error and, in view of this position, we conclude his second error is moot.
Judgment is reversed and remanded for further proceedings.
This cause is reversed and remanded for further proceedings.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 _________________________ PATRICIA ANN BLACKMON JUDGE