[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The first assignment of error is overruled for reason that the trial court did not abuse its discretion when denying appellant's motion inlimine. Airborne Express, Inc. v. Sys. Research Laboratories, Inc. (1995), 106 Ohio App.3d 498, 507. Testimony regarding negligent concurrent or subsequent medical care provided by physicians other than the physician on trial is admissible where such testimony is relevant to the proceedings. See Yaeger v. Fairview General Hosp. (Mar. 11, 1999), Cuyahoga App. No. 72361, unreported; Jones v. Emergency Dept.Physicians, Inc. (Sept. 5, 1996), Cuyahoga App. No. 68576, unreported. In this case, testimony regarding Dr. Fox's allegedly negligent treatment of appellant could have demonstrated an intervening cause that may have absolved appellee of liability. See Berdyck v. Shinde (1993),66 Ohio St.3d 573, 584-85; Reed v. Weber (1992), 83 Ohio App.3d 437,441-42. The trial court's decision to overrule the motion in limine was not an abuse of discretion as it was not unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The second assignment of error is overruled for reason that appellant has failed to file a complete transcript of the trial testimony and therefore this court must presume that the evidence was properly weighed by the fact finder. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellant.
William W. Young, Presiding Judge, Anthony Valen, Judge, James E. Walsh, Judge