OPINION.
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Herbert K. Pipers, appeals from a final judgment of the Conneaut Municipal Court finding him guilty of an improper lane change. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On September 23, 2002, a Conneaut police officer issued appellant a citation for an improper lane change, in violation of Conneaut City Ordinance 331.14. The matter proceeded to a bench trial on October 22, 2002. After considering the evidence, the trial court found appellant guilty and fined him $75.
 {¶ 3} From this decision, appellant filed a timely notice of appeal with this court. He now argues that his conviction should be overturned because it was not supported by sufficient evidence in the record and/or was against the manifest weight of the evidence.
 {¶ 4} Unfortunately, we cannot review the merits of appellant's appeal because he has failed to submit a transcript of his trial or an acceptable substitute pursuant to App.R. 9. As this court has noted on numerous occasions, an appellant has an obligation to provide an appellate court with a complete record demonstrating the alleged error.Kirtland v. Neff (May 19, 2000), 11th Dist. No. 98-L-245, 2000 WL 655435, at 2. In State v. Boughner (Dec. 17, 1999), 11th Dist. No. 98-G-2161, 1999 WL 1297606, at 11, we held the following with respect to the importance of a complete appellate record in a criminal appeal:
 {¶ 5} "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity regarding the proceedings below.Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617. When parts of the record necessary to the appeal are omitted, there is nothing for the reviewing court to pass upon. In such a situation, the appellate court must presume the validity of the proceedings below and affirm the trial court's judgment. State v. Johnson (July 24, 1992), Lake App. No. 91-L-107, unreported, at 2, 1992 WL 276900."
 {¶ 6} Without a transcript, this court is simply unable to adequately review whether the record supported appellant's conviction. Moreover, the fact that appellant is proceeding pro se in this matter is immaterial as he was still obligated to follow the Rules of Appellate Procedure when pursuing his appeal. State v. Sharpless (Feb. 9, 2001), 11th Dist. Nos. 99-P-0083 and 99-P-0121, 2001 WL 114994, at 3.
 {¶ 7} Appellant also maintains that his conviction should be reversed because only one of the two police officers present at the time he received his citation for an improper lane change testified at trial. However, because appellant failed to file a transcript, this court must presume that the officer who did testify provided sufficient evidence to support appellant's conviction.[1] Furthermore, if appellant wanted the second officer to appear at trial, he should have subpoenaed him to testify. Having failed to do so, appellant cannot now argue that his failure to appear justifies a reversal in this case. The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] We would note that in his brief appellant claims that the officer who issued his citation also accused him of nearly hitting another vehicle. Appellant, however, was not charged for this act.