JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by Bay West Electric Co. Inc. ("Bay West") from a order of Berea Municipal Judge Mark Comstock[1] awarding it $443 plus interest against GMS on a contract claim. It claims it was error to overrule its objections to the magistrates report and affirm his decision. Its central contention is that, on remand, the judge failed to follow the mandate of this court that he rule on its objections. We affirm.
 {¶ 2} From the record we glean the following: Bay West brought an action against GMS Construction claiming it was owed $2,081 for unpaid electrical subcontracting work. A magistrate from the Rocky River Municipal Court, Small Claims Division, issued a decision that awarded Bay West $443 plus interest at 10% from the date of judgment. It filed objections to the magistrate's decision, but Judge Donna Congeni Fitzsimmons affirmed the decision without ruling on the objections. On appeal, we remanded the case with a mandate that the judge rule on these objections.[2]
 {¶ 3} Upon remand, the judge recused herself, and the matter was assigned to the Berea Municipal Court by the Chief Justice of the Supreme Court of Ohio. The judge entered an order overruling Bay West's objections and affirming the magistrate's decision.
 {¶ 4} Bay West asserts two assignments of error set forth in Appendix A.
 {¶ 5} Bay West suggests that the judge neither read nor ruled on its objections to the Rocky River magistrate's decision and urges us to apply the requirements set forth for objections in Civ.R. 53(E)(5). A diligent search of Civ.R. 53 failed to reveal this subsection but, a review of Bay West I suggests that, in fact, we are urged to follow Civ.R. 53(E)(4)(b), which states:
"The court shall rule on any objections. The court may adopt, reject,or modify the magistrate's decision, hear additional evidence, recommitthe matter to the magistrate with instructions, or hear the matter. Thecourt may refuse to consider additional evidence proffered uponobjections unless the objecting party demonstrates that with reasonablediligence the party could not have produced that evidence for themagistrate's consideration."
 {¶ 6} The instant journal entry states in full:
"Upn obj of appl and after revw of case file and mags notes, objctn isoverruled and Mags Dec is affirmed."
 {¶ 7} Upon review, we presume the regularity of the proceedings below.[3] The judge, therefore, complied with this court's mandate and Civ.R. 53(E)(4)(b), although the entry is mostly composed of abbreviated forms of what can be translated into English words. Assignments of error one and two are overrruled.
 {¶ 8} The judgment is affirmed.
Judgment affirmed.
Ann Dyke and James J. Sweeney, JJ., concur.
ASSIGNMENTS OF ERROR
"I. The Trial Judge in Berea Municipal Court Erred and CommittedPrejudicial Error by failing to obey the Mandate of the Court of Appeals8th Appellate District, to Review and Rule on Appellant's Objections inthe Court of Appeals Case No. 80360."
 "II. The Berea Municipal Court Abused its Discretion and CommittedPrejudicial Error by failing to comply with the Mandate from the EighthDistrict Court of Appeals, and also the Requirements of Rule 53, OhioRules of Civil Procedure."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Sitting by assignment.
[2] Bay West Elec. Co., Inc. v. GMS Constr., Ltd., Cuyahoga App. No. 80360, 2002-Ohio-2964. ("Bay West I").
[3] Hartt v. Munobe, 67 Ohio St.3d 3, 1993-Ohio-177, 615 N.E.2d 617.