{¶ 9} I concur with the majority's conclusion that summary judgment was proper because of the failure to submit evidence that Dr. Warren's actions fell beneath the standard of care, but write separately to express my differing rationale.
 {¶ 10} The record reflects that the emergency room physician consulted Dr. Warren by phone at approximately 2:30 a.m.[1] The subject of their conversation, as reflected by Dr. Kahn's March 26, 2004 testimony, was that Dr. Warren was informed that Porrello's symptoms were not cardiac but were rather atypical. Dr. Kahn stated that although several key pieces of information could have been provided to Dr. Warren depending on what questions he might have asked, he is unsure as to the substance of the conversation, responding only, "If it's not in his deposition, I don't know it, and as I'm leafing through, I don't see that was necessarily asked, so I don't know." (Depo. Pg. 81). He added further:
"I can guarantee you I don't know what was said for sure. The questionis does anybody remember that for sure. But at least in the depositionwhen he was questioned on these issues, it isn't clear what kind ofquestions were asked and what kind of answers were given."
(Depo. pgs. 81-82.)
 {¶ 11} Although the majority cites State v. Withrow (Sept. 14, 2000), Cuyahoga App. No. 76343, Withrow assigned error in the court's failure to qualify as an expert a psychologist who conceded that her opinion was based on information provided by the victim and her mother, not on facts or data perceived by her or admitted into evidence at the hearing. The majority further asserts that Evid.R. 703 requires that the information used by an expert be admitted into evidence. Evid.R. 703 states, "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." It is clear from certain portions of Dr. Kahn's deposition that he had at least some portion of Dr. Warren's deposition to review before rendering his opinion. The problem faced by this court is that the full transcript of any of the proceedings is completely lacking from the record.
 {¶ 12} The failure to file a full transcript of Dr. Kahn's deposition for our review in accord with App.R. 9(B) makes it impossible for us to review the full, actual opinion. When the transcript or portion thereof necessary for the termination of an assigned error is omitted, a reviewing court must presume the validity of the proceedings below. SeeHartt v. Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177.
[1] I note that although Dr. Warren was consulted by phone twice on the night of Porrello's admittance, the doctors physically present and attending Porrello for his original diagnoses were dismissed from this action.