[Cite as *State v. Fowler*, 2012-Ohio-4352.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-CA-0004 |
| CHASITY L. FOWLER | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Muskingum
                                County Court of Common Pleas, Case No.
                                CR 2006-0203

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         September 12, 2012

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee

RONALD WELCH                        CHASITY L. FOWLER  PRO SE
Assistant Prosecuting Attorney      5916 McMillan Circle
27 North Fifth Street               Columbia, SC 29212
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Plaintiff-appellant the State of Ohio appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which expunged the record of defendant-appellee Chasity Fowler. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED BY GRANTING THE EXPUNGMENT REQUEST OF DEFENDANT/APPELLEE CHASITY L. FOWLER AS SHE WAS NOT A FIRST TIME OFFENDER AND WAS OTHERWISE INELIGIBLE FOR EXPUNGMENT."

{¶3} R.C. 2953.31 provides:

(A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

* * *

**{¶4}**  At the hearing on appellee's motion, appellee, *pro se*, gave a statement as to why she wished her conviction to be sealed.  The State advised the court it was checking to see if there were any prior offenses that might prevent the sealing of the record.  The State reminded the court if appellee had prior convictions she was not eligible to have this conviction sealed. The court stated there were two other misdemeanor convictions. Appellee admitted that was accurate, and the State announced it had nothing further.  The court found appellee is a first-time offender and proceeded to grant the motion to seal the record. The State did not object.

**{¶5}**  The court's statement is the only indication appellee had other convictions. The record is devoid of any evidence from which we could determine whether the two misdemeanor counts to which the court alluded are, under the statutory definition, one or two prior convictions, or are all to be considered a single conviction which the court could properly seal.

**{¶6}** An appellate court reviewing a trial court's judgment presumes the regularity of the trial court proceedings. A party asserting error in the trial court bears the burden to demonstrate the error by reference to matters made part of the record. *Hartt v. Munobe,* 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993), citations deleted.

**{¶7}**  Accordingly, this court cannot find the trial court erred in sealing appellee's record. The assignment of error is overruled.

**{¶8}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0824

[Cite as *State v. Fowler*, 2012-Ohio-4352.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHASITY L. FOWLER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012-CA-4 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to the State.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
      Plaintiff-Appellant             :
                                       :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
CHASITY L. FOWLER                      :
                                       :
                                       :
      Defendant-Appellee              :            CASE NO. 2012-CA-4


The court hereby orders the record of the within appeal sealed.

 IT IS SO ORDERED.


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. JULIE A. EDWARDS