OPINION
This timely appeal arises from a January 31, 2001, Journal Entry of the Belmont County Court, Western Division, finding B.T. Arrowood ("Appellant") guilty of speeding in violation of R.C. § 4511.21. For the following reasons we must dismiss this appeal.
On December 30, 2000, Appellant received a speeding citation for going 65 m.p.h. in a 55 m.p.h. zone on Interstate Highway 70 in Belmont County. On January 31, 2001, the Belmont County Court, Western Division, found Appellant guilty and fined him $20.00 plus $66.00 in court costs.
On February 12, 2001, Appellant, acting pro se, filed a letter which we have construed as a notice of appeal, although it does not conform to the requirements of App.R. 3(D). The record on appeal was filed on February 15, 2001. On March 19, 2001, Appellant filed a pro se one-page document entitled "My Brief" which is primarily Appellant's recounting of the events leading up to the speeding ticket. The document does not conform to any of the requirements of an appellant's brief set forth in App.R. 16(A)(1)-(8). The "brief" also attempts to introduce photographs into the record that were not part of the lower court proceedings. The March 19, 2001, document also contained a request for oral argument, but the request was not in conformity with Loc.R. V of the Seventh District Court of Appeals.
On April 16, 2001, Appellee filed a Motion to Dismiss this appeal for failure to file a transcript and for failure to file a brief.
On May 15, 2001, the record on appeal was supplemented with Defendant's Exhibit 1, a videotape of Appellant's stop by an Ohio State Patrol officer and the issuance of a citation.
Appellee's motion to dismiss alleges that Appellant failed to follow App.R. 11(C), which states:
 "(C) Dismissal for failure of appellant to cause timely transmission of the record. If the appellant fails to cause timely transmission of the record, any appellee may file a motion in the court of appeals to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of any order extending the time for transmitting the record, and by proof of service. The appellant may respond within ten days of such service."
Appellee argues that Appellant has not filed a transcript of the proceedings and that this is a violation of App.R. 11(C) which warrants dismissal of the appeal. Appellee's argument is misplaced. Appellant has timely transmitted the record on appeal, albeit a record lacking a transcript. App.R. 9(A) identifies the record on appeal as consisting of:
 "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *"
A transcript is only one part of the record on appeal. Not every appeal requires a transcript, particularly when the issue on appeal is purely a matter of law. Other than the transcript, the remaining parts of the record have been filed in conformity with the Rules of Appellate Procedure.
Although Appellant did not violate App.R. 11(C), his failure to file a complete transcript does violate App.R. 9(B). If an appellant does not intend to file a complete transcript on appeal, App.R. 9(B) requires the appellant to file an additional document with the notice of appeal describing what parts of the transcript will be included, that the transcript is unnecessary, or that a statement of evidence pursuant to App.R. 9(C) or (D) will be filed. Appellant did not file any additional document with his notice of appeal to explain the lack of a transcript in violation of App.R. 9(B).
Appellee is correct that Appellant's brief does not contain any assignments of error and generally does not conform to the requirements of App.R. 16(A). Appellant's failure to follow any of the dictates of App.R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal. See App.R. 18(C). A court of appeals generally has the authority to dismiss an appeal for an appellant's failure to follow the Rules of Appellate Procedure. App.R. 3(A).
We may also dismiss this appeal based on Loc.R. II(1) of the Seventh District Court of Appeals which states:
 "If an appellant fails to file his assignments of error and brief within the time provided by Rule 18(A) of Rules of Appellate Procedure, or within the time as extended, unless good cause is shown for such non-compliance with such Rule, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court."
When an appellant fails to file any cognizable assignments of error, an appellate court has nothing to review and any opinion rendered by the court would be based on mere speculation. "This court cannot and will not search the record in order to make arguments on appellant[`s] behalf."Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240.
It is possible that in Appellant's "brief" he intended to argue that the verdict is against the manifest weight of the evidence. This is certainly one conclusion which can be reached on the basis of the documents before us. Our standard of review of a criminal conviction which is alleged to be against the manifest weight of the evidence is as follows:
 "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
Failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence. Harttv. Munobe (1993), 67 Ohio St.3d 3, 7; Smart v. Nystrom (1997),119 Ohio App.3d 738, 741. Without a complete transcript, a reviewing court must presume the validity and correctness of the trial court proceedings and affirm its decision. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199; Tyrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 49. Therefore, if Appellant had intended to argue that the verdict was against the manifest weight of the evidence, he did not provide us with a sufficient record to review any error. Furthermore, those portions of the record that Appellant did include on appeal contradict any contention that the verdict was against the manifest weight of the evidence. The videotaped evidence of the incident reveals that Appellant admitted to speeding, although not to speeding at 65 m.p.h.. No evidence in the limited record suggests that Appellant was traveling within the speed limit.
Because Appellant has completely failed to file a cognizable brief or any assignment of error as required by App.R. 16(A), and has failed to provide a transcript or its alternative as required by App.R. 9, we grant Appellee's motion and dismiss this appeal, and the trial court's judgment remains in full effect.
 _________ WAITE, J.
Donofrio, J., concurs.
Vukovich, P.J., concurs.