[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee Fran Brinkerhoff filed an application for workers' compensation benefits for injuries that she claimed she had sustained to her knee in connection with her employment. The application was initially denied in its entirety by the defendant-appellant James Conrad, acting in his capacity as the Administrator of the Ohio Bureau of Workers' Compensation.
Brinkerhoff appealed the denial of her claim to the trial court, and each side appeared prepared to rely upon the conflicting opinions of their respective medical experts. Early settlement discussions were not successful. But, during the discovery process, the Administrator reversed his position and offered to allow Brinkerhoff to participate in workers' compensation benefits for any medical conditions that she had raised in connection with her application.
The trial court entered judgment for Brinkerhoff and also awarded her attorneys the statutory maximum $2,500 fee[1] as compensation for their efforts on her behalf. The parties agree that the trial court conducted a hearing on the subject of attorneys' fees, and a hearing is referenced in the court's entry determining attorneys' fees. But no transcript of that hearing has been made part of the appellate record.
The Administrator now appeals the trial court's award of $2,500 in attorneys' fees. He claims that insufficient evidence was presented to support the award, and that to the extent the trial court may have relied upon statements made at the hearing, that reliance was misplaced because the statements were not sworn testimony. He suggests, as he suggested below, that $1,500 should have been sufficient compensation for Brinkerhoff's attorneys.
The Administrator cites an Eighth District case for the proposition that a trial court must hold an evidentiary hearing before awarding attorney's fees, and that an unsworn itemized list of the time expended by counsel is an insufficient basis for the calculation of attorney's fees.[2] While we have never explicitly required that a trial court conduct an evidentiary hearing before awarding attorney's fees, the flaw in the Administrator's argument is that in this case, as everyone agrees, a hearing did take place.
Still, the Administrator complains that the statements that the trial court relied upon were not sworn, and therefore comprise an insufficient basis for awarding attorney's fees. We do not know whether the statements were unsworn, because the Administrator has not provided a transcript of the hearing. Nor can we otherwise review the sufficiency of the evidence adduced at a hearing for which there is no transcript.
It was the Administrator's responsibility to have provided a transcript of the hearing for appellate review, because the Administrator bore the burden of demonstrating the trial court's error.[3] In the absence of the transcript purporting to demonstrate error, we engage in a "presumption of regularity of the proceedings below,"[4] and we have no choice but to affirm the court's decision.[5]
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 4123.512(F).
[2] See Perry v. LTV Steel Co. (1992), 84 Ohio App.3d 670, 681,618 N.E.2d 179, 186.
[3] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385, citing State v. Skaggs (1978), 53 Ohio St.2d 162,372 N.E.2d 1355, and App.R. 9(B).
[4] See Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617,621, citing Rheinstrom v. Steiner (1904), 69 Ohio St. 452, 69 N.E. 745.
[5] See Knapp, supra.