[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendant-appellant Derrick Mayes appeals from the trial court's judgment in favor of plaintiff-appellee Mark A. Brown in the amount of $1,100, plus interest and court costs. Brown claimed that Mayes had been hired to prepare a building appraisal that Brown never received. The controversy originated in small claims court, where a hearing was conducted on October 12, 2000, by the magistrate, who issued a written decision. The municipal court overruled Mayes's objections and adopted the magistrate's decision.
An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below.[1] A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record transmitted to the court of appeals.[2] While a transcript of the hearing was transmitted to this court, both parties and the magistrate referred to exhibits that are not part of the record. Because the missing exhibits are necessary for a resolution of Mayes's assignment of error, this court has no choice but to presume the validity of the proceedings below and affirm.[3]
Moreover, without the exhibits, the testimony is confusing. Where testimony is confusing, the credibility of witnesses is primarily for the trier of facts,[4] and the magistrate clearly "found the testimony of Plaintiff and his witnesses to be significantly more credible then [sic] that of Defendant." Accordingly, the assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617,621, citing Rheinstrom v. Steiner (1904), 69 Ohio St. 452,69 N.E. 745.
[2] See Hartt v. Munobe at 7, 615 N.E.2d at 621, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384,385.
[3] See Broida v. Broida (Jan. 24, 2001), Summit App. No. 19968, unreported.
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.