OPINION
Kingdom Daffe appeals from a judgment of the Montgomery County Court of Common Pleas, which granted a directed verdict in favor of Marcus D. Bailey.
Because it is relevant to the trial court's disposition of the case, we will provide a detailed procedural history. On July 31, 1996, Daffe was injured when a vehicle in which he was riding was struck by a vehicle driven by Bailey. In January 1997, Daffe filed a complaint against Bailey seeking to recover for personal injuries. This complaint was filed by an attorney who subsequently asked and was permitted by the court to withdraw from the case. Daffe proceeded pro se until the trial court dismissed the case without prejudice for want of prosecution in February 1999.
In February 2000, Daffe refiled the complaint pro se.[1] On September 2000, the trial court ordered the parties to disclose their experts by September 25, 2000, to exchange trial materials by January 10, 2001, and to file a joint pretrial statement by January 19, 2001. On October 17, 2000, well past the deadline, Daffe disclosed the name of one expert witness by filing two copies of a "disclosure" with the clerk of court, but he did not provide this information to Bailey. Daffe did not file a pretrial statement and did not exchange any trial materials with Bailey. Bailey inadvertently discovered the "disclosure" of Daffe's expert on January 10, 2001, while looking through the court's file. The trial was scheduled for January 29, 2001. Bailey filed motions to strike Daffe's disclosure of an expert witness and to exclude all evidence or exhibits which he might proffer at trial because of his failure to comply with the court's orders. The trial court concluded that Daffe's "failure * * * to notify the Defendant of any expert witness or any evidentiary materials intended to be utilized at trial is prejudicial to the Defendant's right to prepare an appropriate defense," and it granted both motions.[2] In the final days preceding the trial, the magistrate assigned to the case had two telephone conversations with Daffe in which she unsuccessfully attempted to ascertain who his attorney was, if any. No attorney had made an appearance on his behalf.
On the morning that the trial was set to begin, Daffe signed a consent to having his case heard by a magistrate and then indicated that he was "interested in [his] attorney's presence" and wanted his attorney "to interpret all this" for him. Again, Daffe would not identify his attorney, but he claimed that the attorney's "schedule is full today, but after today he's okay." The trial court refused to grant a continuance. It informed Daffe that the court was not discriminating against Daffe because he was acting pro se and that a motion for a continuance by an attorney on the morning of trial would also have been denied. The court emphasized that the case had been pending for some time and that Bailey and his attorney, the magistrate, and fifty potential jurors were ready to proceed with the trial that day. The trial court ordered the magistrate to proceed with the trial.
Daffe did not question the potential jurors and did not challenge any of the jurors for cause. He did exercise one peremptory challenge to excuse a juror. After a jury was seated, several jurors expressed their inability to understand Daffe because of his thick Nigerian accent and their concern that he could not get a fair trial because he did not seem to understand what was happening. The magistrate then reopened voir dire and excused several jurors who expressed sympathy for Daffe or an inability to be objective. New jurors were seated.
Daffe made a very brief opening statement, after which Bailey moved for a directed verdict. The trial court stated that it would rule on the motion after Daffe had been allowed to testify. However, after some confusion about Daffe's wife's involvement in the case and his ability to represent her, Daffe refused to proceed with the presentation of evidence, and the trial court granted the motion for directed verdict.
Daffe raises two assignments of error on appeal.
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO GRANT THE APPELLANTS A CONTINUANCE OF THE TRIAL.
Daffe claims that the trial court acted arbitrarily and capriciously in failing to grant his request for a continuance on the day of trial.
The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, syllabus. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Id. at 67. An abuse of discretion suggests that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A party does not have a right unreasonably to delay a trial. Hartt v. Munobe (1993), 67 Ohio St.3d 3,9.
When the trial court considers a request for a continuance, any potential prejudice to a defendant must be weighed against such concerns as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice. Unger,67 Ohio St.2d at 67. In particular, a court should note the length of the delay requested, whether other continuances have been requested and received, the inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, whether the defendant contributed to the circumstance which gives rise to the request for a continuance, and other relevant factors, depending on the unique facts of each case. Id. at 67-68.
The trial court did not abuse its discretion in refusing to grant Daffe a continuance on the day of trial. It had been four years since the filing of Daffe's first complaint, and one year since the refiling of his complaint, during which Daffe had done virtually nothing to advance his case. Despite his obvious lack of understanding of the court's proceedings and his stated desire to have them explained to him by an attorney, he appears to have made no genuine effort to secure representation, and he refused to provide the court with the name of his alleged attorney. Furthermore, granting a continuance on the day of trial would have caused significant inconvenience to Bailey and his attorney, the magistrate, and the court, including numerous potential jurors who had been called for the case. In other words, delay would have involved substantial cost to the court and to the defense. Daffe presented no reasonable justification for such cost and inconvenience and he was entirely responsible for his inability to proceed on the scheduled trial date. Although we are somewhat sympathetic to Daffe's lack of understanding of the judicial system, we also recognize that Bailey was entitled to the expeditious resolution of the case against him and that Daffe's actions seemed to have become dilatory. For these reasons, we cannot say that the trial court abused its discretion in denying Daffe's motion for a continuance.
The first assignment of error is overruled.
 II. THE MAGISTRATE'S DECISION TO DENY THE APPELLANT'S REQUEST FOR A CONTINUANCE, DISMISS GRACE DAFFE'S CAUSE OF ACTION, AND GRANT A DIRECTED VERDICT CONSTITUTED AN ABUSE OF DISCRETION AND WARRANTED A NEW TRIAL FOR THE APPELLANTS.
Daffe challenges the trial court's dismissal of his wife's loss of consortium claim and its decision to grant Bailey's motion for a directed verdict. Daffe also reiterates his argument about the trial court's denial of his motion for a continuance, but we rely on our discussion under the first assignment of error in response to this argument.
As noted supra, Daffe's wife, Grace, did not sign the complaint filed in February 2000. Like Daffe, Grace was entitled to pursue her loss of consortium claim pro se, if she had chosen to do so. However, as a non-attorney, Daffe was not permitted to advance this claim on Grace's behalf. See Rush, supra; Studer, supra. Thus, the complaint which was signed only by Daffe and raised the issue of loss of consortium did not properly state a cause of action on Grace's behalf. The trial court could have dismissed Grace's claim on this basis, although it did not. For the same reasons, Daffe is not entitled to appeal from a trial court decision that was adverse to Grace.
Daffe also challenges the trial court's decision to grant a directed verdict on his personal injury claim. Daffe refused to present any evidence in support of his claim. As such, the trial court had no choice but to grant Bailey's motion for directed verdict.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
WOLFF, PJ. and BROGAN, J., concur.
[1] The February 2000 complaint included a claim on behalf of Daffe's wife, Grace, for loss of consortium. We note, however, that Mrs. Daffe did not sign the complaint. As a non-attorney, Daffe was not entitled to assert the claims of others, including family members, as such conduct would amount to the unauthorized practice of law. See Western Monetary Consultants, Inc. v. Rush (May 6, 1987), Lorain App. No. 4097, unreported; Studer v. Fisher (Nov. 27, 1989), Allen App. No. 1-88-8, unreported. Thus, for purposes of this appeal, we will refer to Daffe as the sole plaintiff and appellant.
[2] Daffe also told the trial court at the final pretrial hearing that he did not plan to use any exhibits at trial.