DECISION AND JUDGMENT ENTRY
This appeal is from the June 5, 2001 judgment of the Bowling Green Municipal Court, which sentenced appellant following his conviction for violating R.C. 4511.21(D), speeding; R.C. 4511.19(A)(1), driving under the influence; and R.C. 4513.263(D), failure to wear a safety belt. Upon consideration of the assignments of error we affirm the decision of the lower court. Appellant, Emanuel C. Heidelberg, asserts the following assignments of error on appeal:
 "THE TRIAL COURT ERRED BY FINDING THE DEFENDANT GUILTY OF SPEEDING WHEN THE CITATION DID NOT STATE AN OFFENSE.
 "A TRIAL COURT ERRS WHEN THEY REFUSE TO GIVE AN INSTRUCTION ON A `AGREEMENT TO TAKE A BREATHALYZER' TEST WHEN A PERSON AGREES TO TAKE A BREATHALYZER AND A COURT ERRS WHEN THEY REFUSE TO ALLOW THE DEFENSE TO QUESTION AN OFFICER ON RESULTS OF A BREATHALYZER TEST THAT WAS PREVIOUSLY SWORN TO BE TRUE."
We note, at the outset, that while appellant filed a praecipe requesting that the transcript of proceedings be prepared, there is no transcript of the proceedings in the record on appeal. 6th Dist.Loc.App.R. 3(B) provides that it is the appellant's duty to ensure that the transcript of proceedings is filed with the clerk of the trial court. Since appellant bears the duty to demonstrate where error occurs on the record and he has failed to supply the court with a transcript of proceedings, we must presume the validity of the trial proceedings. App.R. 9(B) and Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, citing Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199
In his first assignment of error, appellant argues that while the officer indicated that he had been driving seventy-eight m.p.h. in a fifty-five m.p.h. zone, the officer failed to indicate on the uniform traffic ticket that appellant was driving at a speed which was either excessive or unreasonable under the circumstances. Appellant further argues that because the officer did not properly charge appellant with an offense, the court lacked jurisdiction and its judgment is void abinitio. Since this issue does not require consideration of the transcript of proceedings, we may address this issue.
R.C. 4511.21(D)(1) provides that:
 "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
 "(1) At a speed exceeding fifty-five miles per hour, except upon a freeway as provided in division (B)(12) of this section;"
This statute sets forth a per se violation for driving at speeds in excess of fifty-five m.p.h. except on certain freeways. State v.Oglesby (Sept. 1, 2000), Erie App. Nos. E-99-077, E-99-076, unreported, and State v. Chamberlain (July 11, 1994), Licking App. No. 93 CA 146, unreported. Therefore, evidence of whether appellant's speed was unreasonable is not relevant. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court erred when it refused to allow appellant an opportunity to submit into evidence the fact that he agreed to take a breathalyzer test and the results of the test. He argues that the prosecution, like a defendant, should be prohibited from making a generalized attack on the accuracy of the test. The lack of a transcript of proceedings prevents our review of this issue. Therefore, we presume that the trial court's evidentiary ruling was proper. Appellant's second assignment of error is, therefore, not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Bowling Green Municipal Court is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.