DECISION AND JUDGMENT ENTRY
{¶ 1} In this divorce action, Peter Cooper appeals the trial court's property characterization and distribution as well as its failure to award spousal support. Cooper argues the trial court erred in failing to award him marital property and a portion of Ellen Mumma's retirement benefits. Because Cooper has failed to provide a transcript of the trial court's hearing, we must afford the trial court's judgment a presumption of regularity and affirm it.
 {¶ 2} In 1987, a California court convicted Peter Cooper of second-degree murder and sentenced him to life in prison. While in prison, Cooper married Ellen Mumma in 1996. Prior to the marriage, Mumma owned real estate solely in her name. However, after the marriage Mumma transferred the real estate into both their names. After the marriage Mumma also purchased additional real estate in the name of both parties. In 2001, Mumma filed for divorce.
 {¶ 3} Following a hearing, the Washington County Court of Common Pleas granted Mumma's request for a divorce, ordered that she receive all property, ordered that both parties retain their respective retirement or pension plans, and refused to award spousal support. Cooper filed this appeal and requested a transcript of all proceedings. Instead of delineating assignments of error as required by App.R. 16(A), Cooper provides arguments to support his case. Primarily, Cooper seems to argue the trial court erred in awarding all of the "marital property" to Mumma, in failing to grant him spousal support, and in failing to award him a portion of Mumma's retirement benefits.
 {¶ 4} Even though Cooper requested a transcript, the record transmitted to us did not include one. At Cooper's request, we granted a motion for extension of time so that he could arrange for the court reporter to prepare a transcript. In our entry, we instructed Cooper to pay the court reporter for preparation of the transcript. Later, Cooper claimed the court reporter refused to prepare a transcript when his brother, Matthew, attempted to pay for it. At this time, we instructed Cooper to provide a sworn affidavit from Matthew stating what happened. When Matthew supplied an "affidavit" that was not sworn before a person authorized to administer oaths, we instructed Cooper to have Matthew provide an affidavit sworn to before a notary public or other person authorized to administer oaths. Cooper did not provide a second affidavit. Thus, the court reporter did not provide a transcript.
 {¶ 5} When it is necessary to the disposition of any question on appeal, the appellant bears the burden of providing a transcript. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564. In the absence of a transcript, we must presume regularity in the trial court proceedings. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7,615 N.E.2d 617; Knapp v. Edwards Laboratories (1980), 61 Ohio St.3d 197,199, 400 N.E.2d 384. Cooper's arguments require us to examine the transcript in order to ascertain whether the trial court factually mischaracterized the property as marital or separate and abused its discretion in distributing the property as well as failing to award spousal support. Thus, Cooper's failure to provide a transcript is fatal to his appeal because we must presume the trial court acted properly in characterizing and distributing the property as well as refusing to award spousal support.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.