OPINION
{¶ 1} Appellant Van H. Colburn appeals the decision of the Ashland Municipal Court, Ashland County, which found him guilty of violating the assured clear distance statute. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 11, 2002, appellant was operating a semi truck on U.S. Route 250 in Ashland County, when he was involved in a collision with an automobile. Appellant was cited by the Ohio State Highway Patrol with a violation of R.C. 4511.21. The matter went to trial on January 24, 2003. Appellant was found guilty and sentenced to a fine of twenty-five dollars, plus court costs.
 {¶ 3} Appellant filed a notice of appeal on February 24, 2003, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THE DEFENDANT-APPELLANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 5} Our standard of review for manifest weight in the case sub judice is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. However, the failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence. Statev. Arrowood, Belmont App. No. 01BA05, 2001-Ohio-3285, citing Hartt v.Munobe (1993), 67 Ohio St.3d 3, 7; Smart v. Nystrom (1997),119 Ohio App.3d 738, 741. The basis for this rule is that without a transcript or other acceptable alternative (see App.R. 9(C) (D)), it is impossible for an appellate court to duly analyze a manifest weight argument. City of Mentor v. Kreischer (Sept. 23, 1994), Lake App. No. 93-L-198.
 {¶ 6} The record in the case sub judice consists of the trial court file and pleadings, several photographic exhibits pertaining to the two vehicles in the collision, and a transcript of the deposition of a witness, John Becker. However, a transcript of the actual traffic offense trial, or a suitable alternative, is lacking in the record.[1]
Therefore, despite appellant's claim that "overwhelming" evidence was presented contrary to his traffic conviction (Appellant's Brief at 2, Statement of Issue), under these circumstances this Court must presume the validity of the lower court's proceedings, and affirm. See Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 7} Appellant's sole Assignment of Error is overruled.
 {¶ 8} For the reasons stated in the foregoing opinion, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.
[1]
The state made note of this deficiency in the record in its brief of June 12, 2003, two months before the date of oral argument. See Appellee's Brief at 5.