OPINION
{¶ 1} Defendant-appellant Michael Sheck appeals from his conviction and sentence from the Licking County Municipal Court on one count each of operating a motor vehicle under the influence of alcohol/drug of abuse and driving left of center. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 19, 2003, appellant was cited for operating a motor vehicle under the influence of alcohol/drug of abuse in violation of R.C. 4511.19 and driving left of center in violation of R.C. 4511.25. At his arraignment on October 22, 2003, appellant entered a plea of not guilty to the charges.
 {¶ 3} Thereafter, following a bench trial, appellant was found guilty of both charges. As memorialized in a Judgment Entry filed on February 18, 2004, appellant was fined $350.00, sentenced to 60 days in jail with 57 days suspended and placed on probation for a term of one year. As a condition of his probation, appellant was ordered to perform 20 hours of community service. In addition, appellant's driver's license was suspended for a period of one year.
 {¶ 4} It is from his conviction and sentence that appellant now appeals, raising the following assignment of error:
 {¶ 5} "The trial court's decision is not sustained by the evidence and is against the manifest weight of the evidence and is contrary to law."
 I {¶ 6} Appellant, in his sole assignment of error, argues that the trial court's decision finding appellant guilty of operating a motor vehicle under the influence of alcohol/drug of abuse and driving left of center is against the manifest weight of the evidence.
 {¶ 7} Our standard of review for manifest weight in the case sub judice is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541.
 {¶ 8} However, the failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence. State v. Arrowood, Belmont App. No. 01BA05, 2001-Ohio-3285, citing Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7,615 N.E.2d 617; Smart v. Nystrom (1997), 119 Ohio App.3d 738, 741,696 N.E.2d 268. The basis for this rule is that without a transcript or other acceptable alternative (see App. R. 9(C) (D)), it is impossible for an appellate court to duly analyze a manifest weight argument. Cityof Mentor v. Kreischer (Sept. 23, 1994), Lake App. No. 93-L-198,1994 WL 590330.
 {¶ 9} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197,400 N.E.2d 384.
 {¶ 10} In the case sub judice, appellant did not file a transcript of the trial in the Licking County Municipal Court, alleging that the same was "not available to be prepared due to the poor quality of the audio tape." However, appellant did not, in the alternative, submit a statement of evidence pursuant to App. R. 9(C).[1] We must, therefore, presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra.
 {¶ 11} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 12} Accordingly, the judgment of the Licking County Municipal Court is affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] App. R. 9(C) states as follows: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."