DECISION AND JUDGMENT ENTRY
{¶ 1} In this divorce action, Leonard Baker appeals the trial court's property characterization and distribution. In his pro se brief, Baker contends that the divorce decree failed to equally divide the property between him and his former wife. Our review is limited to evidence in the record. Because Baker has failed to provide a transcript of the trial court's hearing, we have no way to determine whether the trial court's findings are supported by the evidence submitted by the parties. Accordingly, we must afford the trial court's judgment a presumption of regularity and affirm it.
 I. Facts and Procedural History {¶ 2} Baker married Joyce Estep-Baker (Estep) on February 11, 1996. Prior to the marriage, the couple purchased residential property located in McArthur, Ohio, through a land installment contract in 1994. Although they *Page 2 
purchased the property before the marriage, both Baker and Estep were parties to the contract. Baker cancelled the land installment contract in 2004, without Estep's knowledge or participation. Baker also purchased commercial property in 1999. Estep filed for divorce in 2006.
 {¶ 3} Following a hearing, the Vinton County Court of Common Pleas granted Estep's request for a divorce. In its divorce decree, the court ordered each party to retain the household furnishings and vehicles in their possession, awarded all interest in the residential property to Estep, and ordered Baker to retain his interest in the commercial real estate, subject to a $15,097 lien in favor of Estep. Additionally, the court ordered that Estep retain her retirement plan and refused to award spousal support.
 {¶ 4} Baker filed his "Notice of Appeal" and brief. We issued an entry finding Baker's brief non-compliant with the Ohio Rules of Appellate Procedure because it did not include a certificate of service. We ordered him to file a certificate of service within 10 days, and he complied.
 {¶ 5} Estep filed a motion to dismiss contending that Baker's brief failed to comply with Appellate and Local Rules, including Baker's failure to provide a transcript of the record. We issued an entry granting Estep's motion in part and denying it in part. We concluded that Baker's brief did not comply with App.R. 16 in all respects because it did not set forth specific assignments of error, nor did it include a table of authorities or statement of the issues. However, we also concluded that a determination of whether Baker's failure to request a transcript of the record affects our review of the appeal is not suitable for a motion to *Page 3 
dismiss. We reasoned, "[o]nce the case is submitted, we will then decide if a transcript is necessary to properly consider the issues [Baker] presents, and if so, what effect the absence of a transcript has on the appeal."
 {¶ 6} Baker re-filed his brief and Estep responded with another motion to dismiss contending that Baker's new brief failed again to meet the requirements of App.R. 16. We issued an entry denying Estep's motion and granted Estep 20 days to file her brief.
 {¶ 7} In his brief, Baker provides a "Statement of Error" in the form of a narrative, in which he contends that the trial court erred by awarding all interest in the residential property to Estep, characterizing Estep's retirement fund as a non-marital asset, and ordering Baker to pay $850 for appraisal services.
 II. Transcript {¶ 8} When it is necessary to the disposition of any question on appeal, the appellant bears the burden of providing a transcript.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19,520 N.E.2d 564. In the absence of a transcript, we must presume regularity in the trial court proceedings. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7,615 N.E.2d 617; Knapp v. Edwards Laboratories (1980), 61 Ohio St.3d 197,199, 400 N.E.2d 384.
 {¶ 9} Here, Baker's arguments require us to examine the transcript in order to ascertain whether the trial court factually mischaracterized the property and abused its discretion in distributing the property. Thus, Baker's failure to provide a transcript is fatal to his appeal because we must presume the trial court acted properly in its characterization and distribution of the property. *Page 4 
Furthermore, we afforded Baker two opportunities to amend his brief and request a transcript. Because he failed to do so, we have no way to determine whether the trial court's findings are supported by the evidence submitted by the parties. Accordingly, we affirm.
 JUDGMENT AFFIRMED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment and Opinion.
For the Court
BY:
 William H. Harsha, Judge. *Page 1