[Cite as *Sheridan v. Davila*, 2014-Ohio-3196.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BETTY SHERIDAN | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2013 CA 00203 |
| ED DAVILA | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Massillon Municipal
                                                          Court, Case No.  2013 CVI 1572


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:       July 21, 2013


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

NO APPEARANCE                          ED DAVILA
                                                        PRO SE
                                                        333 Erie Street South, #325
                                                        Massillon, Ohio  44648

*Wise, J.*

{¶1}. Defendant-Appellant Ed Davila appeals the decision of the Massillon Municipal Court, Stark County, finding in favor of Plaintiff-Appellee Betty Sheridan in a small claims action filed by Appellee based on a parking lot automobile collision. The relevant facts leading to this appeal are as follows.

{¶2}. Shortly after noon on June 21, 2013, appellee was operating her vehicle, a 2002 Kia, in the parking lot of the Fisher Foods grocery store located on the corner of Whipple Avenue and Tuscarawas Street West in Perry Township, Stark County. According to appellee, as she was heading toward the exit area of the lot, appellant backed his car into her vehicle, damaging her vehicle's passenger-side rear fender area.

{¶3}. Appellant exchanged insurance information with appellee at the scene, but he did not admit liability. Appellant also took photographs of the rear of the vehicle he was driving.

{¶4}. According to appellant, appellee telephoned him four times on June 25, 2013, at one point telling him she wanted approximately $9,000.00 to repair her vehicle. Appellant eventually told appellee to mail him any estimates and gave appellant an address; he did not admit to any wrongdoing but told appellee he would consider the estimate for settlement purposes. Appellant also recalled that appellee called him several other times in late June and early July 2013. Appellee denied ever asking for the sum of $9,000.00.

{¶5}. On or about July 17, 2013, appellee filed a small claims action in the Massillon Municipal Court, seeking $942.01 in damages, plus interest and costs.

{¶6}. On August 14, 2013, appellant filed an answer and a counterclaim against appellee alleging civil conspiracy, abuse of process, and telephone harassment.

{¶7}. A hearing before a magistrate was held on August 15, 2013. On August 16, 2013, the magistrate issued a written decision finding in favor of appellee for $942.01.

{¶8}. Appellant filed objections to the magistrate's decision on August 29, 2013.

{¶9}. On September 17, 2013, the trial court issued a decision indicating a ruling on appellee's "objection to counterclaim." However on September 19, 2013, the trial court issued a judgment entry adopting the magistrate's decision and vacating its September 17, 2013 judgment entry as erroneously filed.

{¶10}. Appellant filed a notice of appeal on October 21, 2013. He herein raises the following six Assignments of Error:

{¶11}. "I. THE TRIAL COURT FAILED TO COMPLY WITH RULE 73 OF THE LOCAL RULES OF THE MASSILLON MUNICIPAL COURT.

{¶12}. "II. THE MAGISTRATE ERRED IN NOT GRANTING THE DEFENDANT A CONTINUANCE SO AS TO ENABLE THE DEFENDANTD [SIC] TO BRING FORTH WITNESSES FROM THE FISHER'S GROCERY STORE WHO WOULD HAVE CORROBORATE [SIC] DEFENDANT'S TESTIMONY AND ALSO SO DEFENDANT COULD PRODUCE PHOTOGRAPHS OF THE INCIDENT TAKEN ON THE DATE OF THE INCIDENT WHICH WERE ON HIS CELL PHONE.

{¶13}. "III. THE MAGISTRATE ERRED IN CONSIDERING OVER OBJECTION PLAINTIFF'S EXHIBIT I, WHICH WAS A NOTE WRITTEN BY DEFENDANT

BEARING DEFENDANT'S NAME, ADDRESS, AND LOCATION OF DEFENDANT'S RECOMMENDED AUTO REPAIR SHOP AS AN ADMISSION OF LIABILITY.

{¶14}. "IV. THE MAGISTRATE ERRED IN RELYING UPON PLAINTIFF'S EXHIBIT 2 (ESTIMATE OF REPAIR COST) IN THAT EXHIBIT 2 WAS SENT TO DEFENDANT AS AN OFFER OF SETTLEMENT AND THEREFORE [WAS] EXCLUDABLE UNDER OHIO RULE 408.

{¶15}. "V. THE MAGISTRATE ERRED IN RELYING UPON PLAINTIFF'S EXHIBIT 2 IN THAT EXHIBIT 2 [WAS] HEARSAY EVIDENCE AND EXHIBIT 2 FAILED TO DEMONSTRATE THAT DEFENDANT'S VEHICLE STRUCK PLAINTIFF'S BUT DEMONSTRATED THAT THERE WERE ITEMS ON THE EXHIBIT WHICH WERE NOT RELATED TO PLAINTIFF'S CLAIM.

{¶16}. "A. THE MAGISTRATE ERRED WHEN HE PERMITTED PLAINTIFF WHO LACKED PERSONAL KNOWLEDGE OF THE MATTER AND OTHERWISE OFFER THE REPAIR ESTIMATE FOR THE TRUTH OF WHAT WAS WRITTEN WITHOUT DEFENDANT HAVING AN OPPORTUNITY TO QUESTION ITS AUTHOR.

{¶17}. "B. EVEN IF SOME PORTION OF THE ESTIMATE IS TREATED AS EVIDENCE OF REPAIRS NEEDED IT IS NOT EVIDENCE OF DAMAGES.

{¶18}. "VI. THE MAGISTRATE LACKED JURISDICTION OVER THE COUNTERCLAIM BY STATUTE."

I.

{¶19}. In his First Assignment of Error, appellant contends the trial court erred by allegedly failing to comply with Massillon Municipal Court Local Rule 73. We disagree.

{¶20}. Local Rule of the Massillon Municipal Court 73 provides, in pertinent part:

{¶21}. "Small claims cases, where an answer has been filed, will be set for Mediation as any other civil case. All other Small Claims cases will be mediated on the scheduled trial date at the discretion of the Presiding Judge or Magistrate."

{¶22}. Regarding notice of mediation procedures, the local rule also states: "Counsel for the parties will be notified by Court order of the date, time and location of the mediation pursuant to the order, attached hereto. If the initial mediation date scheduled by the Court conflicts with the counsel's schedule or that of any person needed to attend the mediation in order to provide full authority to settle the case, then counsel shall contact opposing counsel and the Mediator to agree upon an alternative date and time no later than twenty (20) days after the date originally scheduled for the mediation."

{¶23}. Appellant, without citing to the record, asserts that at some point a mediator "entered the courtroom and announced to the parties that they were to follow him for a mandatory mediation without any prior notice ***." Appellant's Brief at 7. Nonetheless, we have frequently recognized that an appellant, in order to secure reversal of a judgment, must generally show that a recited error was prejudicial to him. *See Tate v. Tate,* Richland App.No. 02–CA–86, 2004–Ohio–22, ¶ 15, citing *Ames v. All American Truck & Trailer Service* (Feb. 8, 1991), Lucas App. No. L–89–295. While we in no way wish to downplay the significance of the various local rules of trial courts, appellant does not herein articulate how the outcome of this small claims matter would have changed had he had prior or more extensive notice of the municipal court's mediation procedure. *Cf. Anderson v. Mitchell*, 8th Dist. Cuyahoga No. 99876, 2014-

Ohio-1058, ¶ 16 (finding an appellant had failed to demonstrate how he was prejudiced by lack of a court-mediated conference).

**{¶24}.** Accordingly, upon review, appellant's First Assignment of Error is overruled.

II.

**{¶25}.** In his Second Assignment of Error, appellant contends the trial court erred in denying appellant a continuance so that he could gather additional witnesses and evidence. We disagree.

**{¶26}.** A trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* Stark App.No.2006CA00101, 2007–Ohio–1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,* Mahoning App.No. 03 MA 139, 2003–Ohio–7010, ¶ 5. A litigant does not have a right to unreasonably delay a trial. *See Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 1993–Ohio–177. The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *Polaris Ventures IV, Ltd. v. Silverman,* Delaware App.No. 2005 CAE 11 0080, 2006–Ohio–4138, ¶ 14, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶27}.** In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested

and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. *In re P.T.,* Stark App.No. 2011CA00200, 2012–Ohio–1287, ¶ 17, citing *Unger* at 67–68, 423 N.E.2d 1078. *See, also, State v. Holmes* (1987), 36 Ohio App.3d 44, 47–48, 521 N.E.2d 479.

**{¶28}.** In the case sub judice, appellant, who was proceeding pro se, articulated his oral request for continuance as follows:

**{¶29}.** "I was precluded from obtaining discovery and I um (sic) of the evidence she just presented to me earlier in the mediation proceeding and precluded from bringing the witnesses at Fisher's who would testify as to what they saw and collaborate [sic] my ... therefore there was insufficient time to prepare for this hearing given the circumstances."

**{¶30}.** Tr. at 6.

**{¶31}.** Appellant presents no further clarification regarding the apparent failure to subpoena eyewitnesses from the Fisher Foods store in time for the August 15, 2013 hearing. In his brief, he also indicates that he could have produced cell phone images of the vehicles at the scene; however, he again provides no explanation as to the lack of availability of said evidentiary items on August 15, 2013.

**{¶32}.** Upon review, we are unpersuaded the trial court abused its discretion in upholding the magistrate's decision to deny a continuance as requested by appellant under the circumstances presented.

**{¶33}.** Appellant's Second Assignment of Error is overruled.

III.

**{¶34}.** In his Third Assignment of Error, appellant contends the trial court erred in accepting as evidence an informational note written by appellant at the scene of the collision. We disagree.

**{¶35}.** The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 180. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. *State v. Oman* (Feb. 14, 2000), Stark App.No. 1999CA00027. However, the rules of evidence generally do not apply to proceedings in the small claims division of a municipal court. Evid.R. 101(C)(8).

**{¶36}.** Appellant essentially argues that the informational note he gave to appellee, which contained his name, address and telephone number, the date of the collision, and a sketched map of directions to an auto repair shop, should not have been allowed as evidence pursuant to Evid.R. 408.

**{¶37}.** Said Rule states in part as follows: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. ***."

**{¶38}.** Upon review, even if the evidence rules were fully applicable in the small claims action sub judice, we find no merit in appellant's suggestion that the note in

question violated Evid.R. 408, as nothing indicates the basic information in the writing in question was connected to actual consideration for damages or settlement.

**{¶39}.** Appellant's Third Assignment of Error is overruled.

IV.

**{¶40}.** In his Fourth Assignment of Error, appellant contends the trial court erred in allowing into evidence a car repair estimate obtained by appellee. We disagree.

**{¶41}.** We reiterate that Evid.R. 408 states in part as follows: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. ***."

**{¶42}.** The Ohio Supreme Court has recognized: "Indeed, Evid.R. 408 provides that evidence of settlement may be used for several purposes at trial ***." *Ohio Consumers' Counsel v. Public Utilities Commission*, 111 Ohio St.3d 300, 856 N.E.2d 213, 2006-Ohio-5789, ¶ 92. In the case sub judice, appellant, without providing a specific transcript citation, presently maintains his trial testimony "confirmed the the [sic] repair estimate was sent as part of settlement discussions." Appellant's Brief at 11. Once again, even if the evidence rules were fully applicable in this instance, appellant does not allege that "valuable consideration" to compromise the claim was part of any alleged settlement discussions, as required for exclusion under Evid.R. 408. We hold a plaintiff's mere prior presentation to the defendant of a repair estimate in an attempt to settle the matter prior to the filing of a complaint does not demonstrate a settlement agreement and does not of itself implicate the rule when the estimate is presented at

trial to show damages. To hold otherwise would greatly discourage potential plaintiffs from providing basic damage information to opposing parties in an effort to avoid litigation.

**{¶43}.** Accordingly, appellant's Fourth Assignment of Error is overruled.

V.

**{¶44}.** In his Fifth Assignment of Error, appellant contends the trial court erred in relying upon appellee's Exhibit 2, an estimate of repairs to appellee's vehicle. We disagree.

**{¶45}.** An appellate court's standard of review on most evidentiary matters is that of abuse of discretion. *See State v. Rahman* (1986), 23 Ohio St.3d 146, 152, 492 N.E.2d 401; *State v. Sage, supra.* Nonetheless, we are mindful that R.C.1925.04(B) permits the filing of a small claims action in "concise, nontechnical form." Procedures in small claims court are generally more "elastic" in order to accommodate pro se litigants. *See McDonald v. Ohio Packaging Corp.* (May 16, 1988), Stark App. No. 7390, 1988 WL 48600. The statutory scheme for small claims actions was intended by the legislature to provide a simple, prompt and informal procedure of little expense for adjudication. *Barnhouse v. Pulley* (Dec. 13, 1985), Tuscarawas App. No. 85A06047, 1985 WL 4724. Finally, the rules of evidence generally do not apply to proceedings in the small claims division of a municipal court. Evid.R. 101(C)(8).

**{¶46}.** Appellant's challenge to the estimate is essentially three-fold. First, he maintains the repair estimate is hearsay under Evid.R. 801(C). Secondly, he contends appellee did not demonstrate that she had personal knowledge about the nature of the

repairs. *See* Evid.R. 602. Finally, he claims that appellee was not entitled to damages where she never testified that she actually planned to get the vehicle repaired.

{¶47}. In a bench trial, a trial court judge is presumed to know the applicable law and apply it accordingly. *See Walczak v. Walczak,* Stark App.No. 2003CA00298, 2004–Ohio–3370, ¶ 22, citing *State v. Eley* (1996), 77 Ohio St.3d 174, 180–181, 672 N.E.2d 640. We find appellant's concerns regarding Exhibit 2 in a small-claims setting go to weight, not admissibility, and we therefore overrule his Fifth Assignment of Error.

VI.

{¶48}. In his Sixth Assignment of Error, appellant contends the trial court lacked subject matter jurisdiction over the action, based on his counterclaims alleging civil conspiracy, abuse of process, and telephone harassment, for which he sought damages of $25,000.00. We disagree.

{¶49}. Appellant directs us to R.C. 1925.02, which states, inter alia, that a small claims court has civil jurisdiction for amounts not exceeding $3,000.00, exclusive of interest and costs, and that such court has no jurisdiction over abuse of process claims.

{¶50}. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (February 10, 1982), Stark App. No. CA–5758. In the case sub judice, the magistrate heard the testimony and found the counterclaim to be frivolous; the trial court approved the decision following appellant's Civ.R. 53 objections. Upon review of appellant's abbreviated argument on this issue, we are disinclined to attempt

to substitute our judgment for that of the magistrate and trial court, which reviewed the evidence and heard the testimony firsthand.

{¶51}. Appellant's Sixth Assignment of Error is therefore overruled.

{¶52}. For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J, concur.

JWW/d 0626