[Cite as *Bayes v. Jago*, 2018-Ohio-4407.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RENEE BAYES

      Petitioner – Appellee

-vs-

MICHAEL JAGO

      Respondent – Appellant

JUDGES:
Hon. John W. Wise, P.J
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 18-CA-7

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Perry County Court of Common Pleas, Case No. 18-CP-00017 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 31, 2018 |

APPEARANCES:

For Petitioner-Appellee

RENEE BAYES, pro se
217 East Main Street
Junction City, Ohio 43748

For Respondent-Appellant

K. ROBERT TOY
Toy Law Office
50 ½ South Court Street
Athens, OH 45701

*Hoffman, J.*

{¶1}    Respondent-appellant Michael Jago appeals the March 23, 2018 decision entered by the Perry County Court of Common Pleas granting a civil stalking protection order in favor of petitioner-appellee Renee Bayes.

## STATEMENT OF THE CASE

{¶2}    On February 21, 2018, Appellee filed a petition for civil stalking protection order against Appellant.  The trial court issued an ex parte order the same day.  On March 8, 2018, the trial court scheduled a full hearing on Appellee's petition to be held on March 23, 2018.  Appellant filed a pro se motion for a continuance of the March 23, 2018 hearing on March 23, 2018.

{¶3}    On the day of the hearing, the trial court waited fifteen minutes past the designated start time, but Appellant did not appear.  Thereafter, the trial court proceeded with the full hearing.  At the conclusion of the hearing, the trial court issued a one-year civil stalking protection order against Appellant, which is to remain in effect until March 23, 2019.

{¶4}    It is from this order Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN NOT GRANTING A REASONABLE

CONTINUANCE TO RESPONDENT IN ORDER TO OBTAIN COUNSEL.

I.

**{¶5}** R.C. 2903.214(D)(2)(a) addresses full hearings and continuances regarding civil protection petitions as follows:

If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court *may* grant a continuance of the full hearing to a reasonable time determined by the court:

Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

The parties consent to the continuance.

The continuance is needed to allow a party to obtain counsel.

The continuance is needed for other good cause. (Emphasis added.)

{¶6} The decision to grant or deny a motion to continue is entrusted to the broad discretion of the trial court. *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617. Ordinarily, a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct 841, 11 L.Ed2d 921; *State v. Wheat*, 5th Dist. Licking App. No. 2003-CA-00057, 2004-Ohio-2088. An abuse of discretion connotes more than a mere error in law or judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶7} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations, including the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance which gives rise to the request for a continuance. *State v. Unger,* 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981).

{¶8} Appellant was served with a copy of Appellee's petition for civil stalking protection order on March 2, 2018. On March 8, 2018, the trial court issued a hearing notice, scheduling a full hearing on Appellee's petition for March 23, 2018. Appellant contacted the trial court via telephone on March 22, 2018, advised the trial court his attorney was not available for the hearing the next day, and requested a continuance. Appellant filed a written request on March 23, 2018, at 10:50 a.m., indicating his attorney

would not be available for five weeks. There is no indication in the record Appellant's attorney ever filed a notice of appearance or otherwise notified the court, either orally or in writing, of his acceptance of representation of Appellant, let alone request a five week continuance. The written request was not served on Appellee. Because of the late filing of Appellant's motion and the length of the delay requested, we do not find the trial court abused its discretion in denying Appellant's request for a continuance.

{¶9}    Appellant's sole assignment of error is overruled.

By: Hoffman, J.

Wise, John, P.J.  and

Wise, Earle, J. concur